1  Deborah Bailey-Wells    (114630)
   Kevin C. Trock          (161787)
2  Harold H. Davis, Jr.    (235552)
3  **KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP**
   Four Embarcadero Center, 10th Floor
4  San Francisco, CA 94111
   Telephone   (415) 249-1000
5  Fax:        (415) 249-1001
   dbaileywells@klng.com
6  ktrock@klng.com
7  hdavis@klng.com

8
9  Attorneys for PLAINTIFF HELIO LLC

10        UNITED STATES DISTRICT COURT FOR THE
11   NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION
12

| | |
|---|---|
| 13  HELIO LLC, | Case No. _____ |
| 14         Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| 15      vs. | (1) **TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF LANHAM ACT 15 U.S.C. § 1125(a)** |
| 16  PALM INC., | |
| 17         Defendant. | |
| 18 | (2) **STATE STATUTORY TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 14330 ET SEQ., § 14402 ET SEQ. AND § 17200.** |
| 19 | |
| 20 | |
| 21 | (3) **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |
| 22 | |
| 23 | Date Filed: December 19, 2006 |
| 24 | **JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Dockets.Justia.com

**INTRODUCTION**

This is a claim for trademark infringement and unfair competition brought by Plaintiff, Helio LLC ("HELIO") against Defendant Palm, Inc. ("PALM"). This dispute arises from Defendant's recent use of a slogan that is confusingly similar to Plaintiff's DON'T CALL IT A PHONE™ trademark, slogan and brand, which Plaintiff has been heavily advertising and promoting nationwide over the past six months.

Plaintiff is a relatively small and new company (founded in early 2005) that markets and sells mobile media devices and services. Plaintiff's hand-held devices incorporate, among other things, telephone, music, video, Internet and now GPS capabilities. In May of this year, Plaintiff launched its first and only marketing campaign which prominently uses the DON'T CALL IT A PHONE™ and DON'T CALL US A PHONE COMPANY™ slogans and positioning with respect to its HELIO brand. The marketing campaign has been well-received by the public and the media and has been very successful. Plaintiff's slogans and positioning propositions have become recognizable components of the HELIO brand.

In reaction to Plaintiff's success, Defendant, a much older, larger and better capitalized company than Plaintiff, recently launched a $25 million holiday advertising campaign for its competitive mobile media devices and service using the confusingly similar NOT JUST A CELL PHONE slogan. One of Defendant's executives has acknowledged the similarity of the positioning of Defendant's advertising campaign to Plaintiff's. This acknowledgment reveals a deliberate attempt to trade on the goodwill and recognition that Plaintiff has established with consumers over the past six months. Defendant's advertising blitz during the critical holiday period is designed to confuse consumers as to the source of Defendant's products and services and to suggest some affiliation or sponsorship between Plaintiff and Defendant where there is none. The media has already begun reporting on the similarity of the advertising campaigns and positioning less than two days after Defendant launched its campaign in December of this year. Because of the timing of Defendant's advertising campaign in the middle of the crucial holiday buying season, when Plaintiff was expecting to increase its 2006 subscriber base by 33%, and the obvious willfulness of

Defendant's actions, Plaintiff has filed this lawsuit for immediate equitable relief and for damages.

## THE PARTIES

1. Plaintiff, Helio LLC, is a California-based company that provides wireless communication products and network services to consumers. Plaintiff combines wireless telephone, audio, video, data and Internet innovation with noteworthy service and support to deliver a breakthrough mobile experience for consumers. Plaintiff is a mobile virtual network operator ("MVNO") that provides wireless services under its own brand name. Plaintiff procures these wireless services from large network providers such as Sprint and Verizon Wireless.

2. Plaintiff is a Delaware limited liability company having a principal place of business at 10960 Wilshire Blvd., Suite 700, Los Angeles, CA 90024.

3. Defendant, Palm, Inc., is a Delaware corporation, and has its principal place of business at 950 W. Maude Ave., Sunnyvale, CA 94085. Defendant describes itself as a market leader in providing smartphones, handhelds, software and accessory solutions. Defendant is responsible for selling such products as the Treo smartphones.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper in this court because this is an action for trademark infringement and unfair competition arising under the laws of the United States, 15 U.S.C. §§ 1051 et seq. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. This Court has supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b).

6. This Court has personal jurisdiction over Defendant because it is headquartered and conducts business in the State of California and within this District, including the advertising and sale of its products.

7.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events giving rise to the claims occurred in this District, Defendant offers products for sale and sells its products in this District.

## FACTS

8.    Plaintiff owns federal trademark applications for the trademarks DON'T CALL IT A PHONE™, U.S. Ser. Nos. 78735805, 78735810 and 78735812 and DON'T CALL US A PHONE COMPANY™, U.S. Ser. Nos. 78735814, 78735817 and 78735819 for use with computer software programs, communication services, and audio-video broadcasting via wireless communication networks, among other things (collectively the DON'T CALL IT A PHONE™ marks).  The applications were filed on October 18, 2005 under 15 U.S.C. §1051(b) and the date of first use in commerce was on May 2, 2006.  A Notice of Allowance has been issued for Application Ser. Nos. 78735805 and 78735812.  Statements of Use are being filed with the United States Patent & Trademark office this week.

9.    Plaintiff launched its national media campaign featuring the DON'T CALL IT A PHONE™ marks in the Spring of 2006.  Since that time, Plaintiff has consistently used the DON'T CALL IT A PHONE™ marks in the HELIO-branded marketing, advertising, sale, and distribution of their mobile media devices and services throughout the United States.

10.    On May 2, 2006, Helio launched its branding campaign: DON'T CALL IT A PHONE™ and DON'T CALL US A PHONE COMPANY™ The message embodied in this initial advertising push was featured on the internet sites MySpace.com and Yahoo.com.  Later the campaign was broadened to include more traditional media such as magazines, newspapers, radio and television.

11.    As part of its national marketing campaign, Plaintiff runs a series of television advertisements prominently featuring the DON'T CALL IT A PHONE™ marks.  National television ads featuring the DON'T CALL IT A PHONE™ brand have appeared on MTV, ADULT SWIM (Cartoon Network), Spike TV, VH-1, Comedy Central, BET, E! and ESPN.  These television commercials include "Meet The Parents" are currently available to be seen on the Internet on YOU TUBE.

12. All of these commercials use Plaintiff's DON'T CALL IT A PHONE™ marks and have been broadcast numerous times over various network, cable, and television stations and are also played repeatedly by users on the Internet. In addition to broadcast advertisements, Plaintiff has also used its DON'T CALL IT A PHONE™ marks in printed advertisements such as billboards, newspapers and magazines. For example, ads featuring the DON'T CALL IT A PHONE™ brand have appeared in the following publications: LUCKY magazine, ROLLING STONE magazine, SPIN magazine, DETAILS magazine, ENTERTAINMENT WEEKLY magazine, GQ magazine, BLENDER magazine, and WIRED magazine. In every one of these magazines, the HELIO ad featuring the DON'T CALL IT A PHONE™ slogan appears on page 1 through 4 or the back cover.

13. Additionally, the DON'T CALL IT A PHONE™ brand has been featured online in campaigns on AOL, CNET, IDG Entertainment, MSN.COM, MTV.COM and PLANETOUT, among others.

14. Plaintiff's mobile devices and service are offered for sale at thousands of retail establishments located throughout the country, and Plaintiff has also opened up branded retail locations that prominently display the DON'T CALL IT A PHONE™ marks in Santa Monica, San Diego and Palo Alto, California and Denver, Colorado which is opening the week of December 18th, 2006. Future branded stores are scheduled for opening in New York, Miami, Chicago, Boston, Dallas, Seattle and Atlanta.

15. Plaintiff currently offers the following mobile media devices that utilize its wireless services for sale to consumers, the KICKFLIP™, the HERO™, and the DRIFT™.

16. Plaintiff has also sponsored special events that incorporate the DON'T CALL IT A PHONE™ brand. From May to November 2006, numerous parties were held at trendy bars and clubs in Los Angeles, San Francisco, Dallas, Chicago, Boston, Philadelphia, Washington DC, New York, Atlanta and Miami. Thousands of trendsetters attended these parties. HELIO brand devices were demonstrated and cards were distributed that featured the DON'T CALL IT A PHONE™ slogan.

17. The largest free internet encyclopedia, Wikipedia, recognizes PLAINTIFF's DON'T CALL IT A PHONE™ marks as a key identifier for PLAINTIFF.

18. Over 85% of Plaintiff's HELIO brand advertising budget is directly spent on the DON'T CALL IT A PHONE™ campaign. Plaintiff has spent over $30M advertising dollars to date in 2006. Virtually all of Plaintiff's HELIO brand consumer media advertising features the DON'T CALL IT A PHONE™ slogan.

19. As a result of Plaintiff's extensive use of its DON'T CALL IT A PHONE™ marks in its national media campaign, Plaintiff has built up valuable recognition among consumers that associate the DON'T CALL IT A PHONE™ marks with the Plaintiff, and Plaintiff owns the valuable consumer goodwill that is associated with the DON'T CALL IT A PHONE™ marks.

20. Approximately five months into the brand campaign, Plaintiff commissioned a brand equity study of 1,900 individuals. These individuals were either sampled using an internet survey (nationally) or interviewed in the Chicago, New York, Los Angeles or San Francisco markets. Of those individuals surveyed, Sixty-One percent (61%) correctly attributed the DON'T CALL IT A PHONE™ branding to the HELIO brand. When asked to state in their own words what the key message is for HELIO devices, the Helio target market said "it's not just a phone." Forty-Four percent (40%) of the Helio target market responded this way and Thirty-Seventy percent (37%) of the 18-34 year old market also responded in the same way.

21. Plaintiff's adoption and use of its DON'T CALL IT A PHONE™ brand predates any use by Defendant of the NOT JUST A CELL PHONE tag line. On information and belief, Defendant did not start using the NOT JUST A CELL PHONE tag line until the December, 2006 holiday shopping season, a full six months after Plaintiff began it's national media campaign and three years after Defendant began selling its Treo brand of smartphones.

22. Because of its prior nationwide use, Plaintiff has the exclusive right to use the DON'T CALL IT A PHONE™ marks in commerce in connection with sale of its products and

5

1 services throughout the United States and in this District and to exclude the use of any
2 infringing marks that are likely to cause confusion among consumers.

3     23.    Plaintiff has not granted a license, permission, or in any way allowed
4 Defendant to use the DON'T CALL IT A PHONE™ marks in connection with its business.

5     24.    On information and belief, on December 11, 2006, PALM announced that it
6 was launching a $25 million marketing campaign to promote its smartphones using the
7 slogan NOT JUST A CELL PHONE.

8     25.    According to Scott Hancock, Palm's director of marketing communications, the
9 Palm campaign "is the most significant [marketing] effort behind Treo to date."

10     26.    Mr. Hancock also admitted that Palm's campaign was strategically designed to
11 take place during the critical holiday season, during which Plaintiff expects to increase its
12 subscriber base by 33%. Mr. Hancock also stated that, "And the holiday is the peak
13 season. It has reached the price point for purchase as a gift."

14     27.    Mr. Hancock further admitted the similarity of Palm's advertising campaign to
15 the positioning of rival HELIO's advertising campaign.

16     28.    Defendant's use of the advertising slogan NOT JUST A CELL PHONE
17 infringes on Plaintiff's rights in its DON'T CALL IT A PHONE™ trademarks.

18     29.    Upon information and belief, Defendant intends to continue its advertising
19 campaign and to continue selling distributing its products to customers using the infringing
20 advertising slogan.

21     30.    Defendant's advertising campaign and its use of the NOT JUST A CELL
22 PHONE slogan will cause a likelihood of confusion among consumers as to the affiliation,
23 connection, association, origin, sponsorship or approval of its products and services with
24 those of the Plaintiff's. This likelihood of confusion is further exacerbated by the fact the
25 Plaintiff provides support for Defendant's Treo product and had sold them to consumers as
26 part of Plaintiff's EarthLink Wireless brand.

27
28

6

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

31. On information and belief, Defendant had actual or constructive knowledge of the existence of Plaintiff's trademarks before it adopted and launched its current advertising campaign using the NOT JUST A CELL PHONE slogan.

32. Defendant's use of the confusingly similar slogan will continue to confuse or to deceive or to cause mistake among the consuming public causing them to believe that they are purchasing goods or services which have some affiliation, connection, association, origin, sponsorship or approval with Plaintiff.

33. Plaintiff has suffered financial damage to its business because of Defendant's unlawful conduct, and Defendant will be unjustly enriched.

34. Defendant's actions have been intentional, willful, malicious, and in complete disregard of Plaintiff's rights.

35. Defendant's unlawful conduct has irreparably harmed Plaintiff, and unless immediately enjoined, will continue to harm Plaintiff through injury and loss to Plaintiff's business, reputation and consumer goodwill. Plaintiff has no adequate remedy at law to redress these injuries.

## COUNT I

**(Federal Trademark Infringement and Unfair Competition Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

36. The allegations of the paragraphs above are incorporated herein by reference.

37. The previously alleged acts of Defendant are likely to cause confusion, mistake or deception among consumers because purchasers are likely to believe that there is some affiliation, connection, association, origin, sponsorship or approval between Plaintiff's and Defendant's goods and services.

38. The confusion, mistake or deception referred to herein arises out of Defendant's acts of trademark infringement and unfair competition in violation of section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a).

39. Plaintiff has suffered damage to its business and reputation because of Defendant's unlawful conduct, and Defendant will be unjustly enriched.

7
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

40. Defendant's acts were undertaken willfully and with the intention of causing confusion and harm to the Plaintiff.

41. Plaintiff has suffered and will continue to suffer irreparable harm and, unless Defendant is immediately enjoined from continuing these wrongful acts, the damage to Plaintiff will continue.

42. Plaintiff has no adequate remedy at law.

## COUNT II

### (State Statutory Trademark Infringement and Unfair Competition)

43. The allegations of the paragraphs above are incorporated herein by reference.

44. By their acts alleged herein, Defendant has engaged in trademark infringement and unfair competition under statutory law of the State of California Business and Professions Code §§ 14330 et seq., §14402 et seq. and §17200 et seq.

45. Plaintiff has suffered damage to its business and reputation because of Defendant's unlawful conduct, and Defendant will be unjustly enriched.

46. Defendant's unlawful acts have caused confusion, mistake or deception as to the affiliation, connection, association, origin, sponsorship or approval between Plaintiff's and Defendant's goods and services.

47. Defendant's acts were undertaken willfully and with the intention of causing confusion and harm to the Plaintiff.

48. Because of Defendant's acts, Plaintiff has suffered irreparable harm and, unless Defendant is restrained from continuing its wrongful acts, the irreparable harm will continue.

49. Plaintiff has no adequate remedy at law.

## COUNT III

### (Common Law Trademark Infringement and Unfair Competition)

50. The allegations of the paragraphs above are incorporated herein by reference.

51. By their acts alleged herein, Defendant has engaged in trademark infringement and unfair competition under the common law.

52. Plaintiff has suffered damage to its business and reputation because of Defendant's unlawful conduct, and Defendant will be unjustly enriched.

53. Defendant's unlawful acts have caused confusion, mistake or deception as to the affiliation, connection, association, origin, sponsorship or approval between Plaintiff's and Defendant's goods and services.

54. Defendant's acts were undertaken willfully and with the intention of causing confusion and harm to the Plaintiff.

55. Because of Defendant's acts, Plaintiff has suffered irreparable harm and, unless Defendant is restrained from continuing its wrongful acts, the irreparable harm will continue.

56. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays that the Court:

A. Grant PLAINTIFF a preliminary and permanent injunction restraining DEFENDANT, and its agents, servants, and employees from directly or indirectly using the slogan NOT JUST A CELL PHONE, or any other mark, word, name, symbol or slogan which is likely to cause confusion, mistake, or to deceive consumers with respect to PLAINTIFF's DON'T CALL IT A PHONE™ marks;

B. Order that DEFENDANT be required to immediately cease all infringing marketing, advertising and promotional campaigns and to withdraw all infringing marketing, advertising and promotional material from the market;

C. Order that all advertisements, signs, prints, packages, wrappers, in the possession of DEFENDANT or its agents bearing the NOT JUST A CELL PHONE slogan or any other mark, word, name, symbol or slogan similar to PLAINTIFF's DON'T CALL IT A PHONE™ marks which is likely to cause confusion, mistake, or to deceive consumers, be delivered up and destroyed;

9
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  D. Order DEFENDANT to be required to account to PLAINTIFF for any and all
2  profits derived by DEFENDANT from the sale of their goods and services and for all
3  damages sustained by PLAINTIFF by reason of said acts of infringement complained of
4  herein;

5  E. Order DEFENDANT to file with the Court and serve upon PLAINTIFF's
6  counsel within thirty (30) days after entry of Judgment a report in writing under oath setting
7  forth in detail the manner and form in which DEFENDANT has complied with the
8  requirements of the Injunction and Order;

9  F. Award PLAINTIFF compensatory damages according to proof;
10 G. Award PLAINTIFF interest and their costs incurred in this action;
11 H. Award PLAINTIFF punitive and exemplary damages, according to proof;
12 I. Award PLAINTIFF reasonable attorneys fees and enhanced damages; and
13 J. Grant PLAINTIFF such other and further relief as the Court may deem just and
14 proper.

Dated: December 18, 2006

KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP

By: _____
Deborah Bailey-Wells
Kevin C. Trock
Harold H. Davis, Jr.

ATTORNEYS FOR PLAINTIFF
HELIO LLC

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, PLAINTIFF hereby demands a jury trial on all issues so triable.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

SK Telecom Co., Ltd.

EarthLink, Inc.