1  Deborah Bailey-Wells     (114630)
2  Kevin C. Trock           (161787)
   Harold H. Davis, Jr.     (235552)
3  **KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP**
   Four Embarcadero Center, 10th Floor
4  San Francisco, CA  94111
   Telephone   (415) 249-1000
5  Fax:        (415) 249-1001
6  dbaileywells@klng.com
   ktrock@klng.com
7  hdavis@klng.com

8  Attorneys for HELIO LLC

9              UNITED STATES DISTRICT COURT FOR THE

10         NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

11

12  HELIO LLC,                         | Case No. _____
13          Plaintiff,                 | **PLAINTIFF HELIO LLC'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND FOR ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
14
15      vs.
16  PALM INC.,
17
18          Defendant.                 | Date Filed:  December 19, 2006

HELIO'S APPLICATION FOR A TRO AND ORDER TO SHOW CAUSE

Dockets.Justia.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 3

I. OVERVIEW ................................................................................................................. 3

II. FACTUAL BACKGROUND ..................................................................................... 4

   A. Helio Has Exclusive Rights in its DON'T CALL IT A PHONE Marks ................ 4

   B. Helio's DON'T CALL IT A PHONE Marks Are Distinctive And Have Obtained Consumer Recognition ......................................................................................... 7

   C. PALM Recently Launched An Extensive, Infringing Advertising Campaign ........ 8

III. THE COURT SHOULD GRANT A TEMPORARY RESTRAINING ORDER IN A TRADEMARK CASE WHERE LIKELIHOOD OF CONFUSION IS DEMONSTRATED ................................................................................................. 10

IV. HELIO WILL LIKELY SUCCEED IN SHOWING A LIKELIHOOD OF CONFUSION ............................................................................................................ 12

   1. The marks are similar in sight, sound and meaning ............................................ 13

   2. The goods and services offered by the parties are nearly identical .................... 16

   3. The Parties Use Identical Marketing Channels .................................................. 17

   4. Helio's DON'T CALL IT A PHONE Marks Are Strong .................................. 17

   5. Palm intentionally copied Helio's DON'T CALL IT A PHONE advertising campaign and slogan ........................................................................................... 19

   6. The "Likelihood of Expansion" factor is irrelevant where, as here, the parties already compete ................................................................................................... 20

   7. The degree of care factor weighs in Helio's favor .............................................. 21

   8. Actual confusion factor should weigh in Helio's favor ...................................... 22

V. CONCLUSION ......................................................................................................... 22

# TABLE OF AUTHORITIES

## FEDERAL CASES

A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.,
237 F.3d 198 (3d Cir. 2000) .................................................................................. 2

American Int'l Group, Inc. v. American Int'l Bank,
926 F.2d 829 (9th Cir. 1991) ................................................................................ 3

Anti-Monopoly, Inc. v. General Mills Fun Group,
611 F.2d 296 (9th Cir.1979) ................................................................................. 3

Apple Computer, Inc. v. Formula Intern, Inc.,
725 F.2d 521 (9th Cir. 1984) ................................................................................ 4

Big Country Foods, Investment v. Board of Education,
868 F.2d 1085 (9th Cir. 1989) .............................................................................. 2

Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.,
174 F.3d 1036 (9th Cir. 1999) ........................................................................... 1, 7

Chance v. Pac-Telegraph Teletrac Inc.,
42 F.3d 1151 (9th Cir. 2001) ................................................................................ 2

Checkpoint Sys., Inc. v. Check Point Software Techs., Inc.,
269 F.3d 270 (3d Cir. 2001) ................................................................................. 2

Chemical Corp. of America v. Anheuser-Busch, Inc.,
306 F.2d 433 (5th Cir. 1962) ................................................................................ 1

Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.,
109 F.3d 1394 (9th Cir.1997) ............................................................................... 1

Dreamwerks Prod. Group, Inc. v. SKG Studio,
142 F.3d 1127 .................................................................................................... 1, 2

Duncan McIntosh Co., Inc. v. Newport Dunes Marina LLC,
324 F. Supp.2d 1078 (C.D. 2004) ..................................................................... 1, 7

E. & J. Gallo Winery v. Gallo Cattle Co.,
967 F.2d 1280, 1290 (9th Cir. 1992) ............................................................. 12, 13

E. & J. Gallo Winery v. Consorzio del Gallo Nero,
782 F. Supp. 457 (N.D. Cal. 1991) ................................................................ passim

Earthquake Sound Corp. v. Bumper Indus.,

352 F.3d at 1210 (9th Cir. 2003).................................................................. 5

El Pollo Loco, Inc. v. Hashim,
316 F.3d 1032 (9th Cir. 2003).................................................................. 2

Entrepreneur Media, Inc. v. Smith,
279 F.3d 1135 (9th Cir. 2002) ................................................................. 3

Filipino Yellow Pages v. Asian Journal Pubs.,
198 F.3d 1143 (9th Cir. 1999).................................................................. 5

GoTo.com, Inc. v. Walt Disney Co.,
202 F.3d 1199 (9th Cir. 2000) ......................................................... passim

Hewlett-Packard Co. v. Packard Press, Inc.,
281 F.3d 1261 (Fed. Cir. 2002) ................................................................ 2

Honor Plastic Indus., Co., Ltd. v. Lollicup USA, Inc.,
No. Civ-F-06-0707, 2006 WL 3199143 (E.D. Cal. Nov. 3, 2006) ............ 2

Interstellar Starship Services, Ltd. v. Epix, Inc.,
184 F.3d 1107 (9th Cir. 1999) ................................................................. 6

Kenner Parker Toys, Inc. v. Rose Art Indus., Inc.,
963 F.2d 350 (Fed. Cir. 1992) ................................................................. 2

Lindy Pen Co. v. Bic Pen Corp.,
796 F.2d 254 (9th Cir. 1986). .................................................................. 4

M2 Software, Inc. v. Madacy Entm't,
421 F.3d 1073 (9th Cir. 2005) ............................................................ 1, 7

McGraw-Edison Co. v. Walt Disney Prod.,
787 F.2d 1163 (7th Cir. 1986) ................................................................. 9

Miss World (UK) Ltd. v. Mrs. America Pageants, Inc.,
856 F.2d 1445 (9th Cir. 1988) ......................................................... 2, 5, 6

New West Corp. v. NYM Co. of Cal., Inc.,
595 F.2d 1194 (9th Cir. 1979) ................................................................. 3

Nissan Motor Co. v. Nissan Computer Corp.,
378 F.3d 1002 (9th Cir. 2004) ................................................................. 1

Nutri/System, Inc. v. Con–Stan Indus., Inc.,
809 F.2d 601, 605 (9th Cir.1987)............................................................. 4

Oakland Tribune, Inc. v. Chronicle Publ'g Co., Inc.,
762 F.2d 1374 (9th Cir. 1985) .................................................................................. 2

Official Airline Guides, Inc. v. Goss,
6 F.3d 1385 (9th Cir. 1993) ..................................................................................... 4

Palm Bay Imports, Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772,
396 F.3d 1369 (Fed. Cir. 2005) ............................................................................... 1

Playboy Enters., Inc. v. Netscape Commc'ns Corp.,
354 F.3d 1020 (9th Cir. 2004) ................................................................................. 1

Prudhomme v. Procter & Gamble,
800 F. Supp. 390 (E.D. La. 1992) ........................................................................... 3

Redmond Prods., Inc v. Amino Sabre, Inc.,
17 U.S.P.Q.2d 1386 (C.D. Cal. 1990) ..................................................................... 1

Rodeo Collection, Ltd. v. West Seventh,
812 F.2d 1215 (9th Cir. 1987) ................................................................................. 2

Sonista, Inc. v. Hsieh,
348 F. Supp.2d 1089 (N.D. Cal. 2004) ................................................................... 3

Southwest Voter Registration Ed. Project v. Shelley,
344 F.3d 914 (9th Cir. 2003) ................................................................................... 2

Sunenblick v. Harrell,
895 F. Supp. 616 (S.D.N.Y.1995) ....................................................................... 2, 3

Surfvivor Media, Inc. v. Survivor Prods.,
406 F.3d 625 (9th Cir. 2005) ................................................................................... 1

Sutter Home Winery v. Madrona Vineyards, L.P.,
No. C 05-0587, 2005 WL 701599 (N.D. Cal. March 23, 2005) ............................ 18

Vigneron Partners, LLC v. Woop Woop Wines Pty Ltd.,
No. C 06-00527, 2006 WL 1214859 (N.D. Cal. May 6, 2006) ....................... 14, 20

Vision Sports, Inc. v. Melville Corp.,
888 F.2d 609 (9th Cir. 1989) ................................................................................... 2

**FEDERAL STATUTES**

15 U.S.C. §1051 ................................................................................................................ 1

15 U.S.C. § 1125 ............................................................................................................... 1

Fed. R. Civ. P. 65 ......................................................................................................... 1, 11

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 19, 2006 or as soon thereafter as counsel may be heard, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, before a U.S. District Court judge to be announced by the Court, Plaintiff Helio LLC ("Helio") will apply for a temporary restraining order and order to show cause why a preliminary injunction should not issue pursuant to Fed. R. Civ. P. 65 and Local Rule 65-1. Notice of Helio's Application was delivered to Palm, Inc. on December 19, 2006.

Specifically, Plaintiff Helio moves this Court for a temporary restraining order immediately restraining Defendant Palm Inc. ("Palm") and its agents, servants, employees, attorneys and all persons in active concern and participation with Defendant Palm, from using Palm's "NOT JUST A CELL PHONE" advertising and any other advertising confusingly similar to Helio's DON'T CALL IT A PHONE and DON'T CALL US A PHONE COMPANY marks (1) in connection with Palm's sale of mobile media devices and service including, without limitation, mobile telephones; and (2) in any print, billboard, television, radio, broadcast, direct marketing, internet advertising or other advertising or marketing media related to Palm's "NOT JUST A CELL PHONE" campaign.

Helio moves that this restraining order stay in effect pending a hearing and determination of Helio's motion for a preliminary injunction, on the grounds that immediate and irreparable injury, loss and damage will result to Helio before notice can be given and Defendant Palm and its attorneys can be heard in opposition, as is more fully argued below, and the Declarations of Jessica Weeks and Kathryn Wheble submitted herewith. Palm intends to use and is using the "NOT JUST A CELL PHONE" slogan as a prominent tagline in the centerpiece of its recently launched $25 million advertising campaign which is confusingly similar to Helio's DON'T CALL IT A PHONE and DON'T CALL US A PHONE COMPANY marks.

Helio further moves for leave to take expedited discovery after entry of the Temporary Restraining Order including a) taking the deposition of Palm, Inc. and up to two employees thereof, as to its intent in using marks confusingly similar to Helio's DON'T CALL IT A PHONE mark, the goodwill in Palm's marks, and any evidence of actual, likely or possible confusion that has arisen therefrom, or any anticipation of such confusion; b) requesting the production of documents from Palm relating to its intent in using marks confusingly similar to Helio's DON'T CALL IT A PHONE mark, the goodwill in Palm's marks, and any evidence of actual, likely or possible confusion that has arisen therefrom, or any anticipation of such confusion and c) subpoenaing the deposition and documents from Palm's advertising agencies or companies relating to its knowledge of Helio's DON'T CALL IT A PHONE marks and any intent to infringe these marks by creating a likelihood of confusion in creating Palm's infringing, holiday advertising campaign.

Helio further moves the court for an expedited time period for this discovery so that thirty-six (36) hours notice shall be deemed sufficient for any deposition provided by the order and forty-eight (48) hours notice shall be deemed sufficient for the production of any such documents.

This Application is based on this Application, the attached Memorandum of Points and Authorities, the attached Declarations of Jessica Weeks and Kathryn Wheble filed separately, the Proposed Temporary Restraining Order, all pleadings, records and files in this action, and upon all other matters that may be presented at the hearing on this Application.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Overview

Palm's just launched holiday advertising campaign promoting its Treo mobile media devices as "NOT JUST A CELL PHONE" is an unmistakable example of infringement of Helio's intellectual property including its DON'T CALL IT A PHONE trademarks. Not only has Palm publicly recognized the substantial similarity between its new campaign and Helio's prior used DON'T CALL IT A PHONE marks, Palm has put up nearly $25 million dollars in its most "significant marketing efforts" to date to place advertisements in the very same magazines and advertising channels that Helio's DON'T CALL IT A PHONE advertising appears. Palm's advertising campaign seeks to take advantage of the goodwill that Helio established through great expenditure and effort. Thus, Palm's actions will likely cause confusion, mistake or deceive consumers into believe that there is some affiliation, connection, association, origin, sponsorship or approval with respect to Palm's and Helio's products and services.

Moreover, Palm has intentionally timed its scheme to trade on Helio's established goodwill during the "peak" holiday shopping season. The fact that Helio sold Palm's Treo phones, and that it provides services to Treo users, further compounds the likelihood that the relevant public will be confused by Palm's advertising campaign because the messages of the parties' slogans are identical and the wording and consumer impression are confusingly similar.

The timing, size, and design of Palm's advertising campaign to piggy-back on Helio's trademarks and goodwill associated therein make time of the essence and render this case ripe for a temporary restraining order to preserve the status quo between the parties. Thus, the Court should enter a temporary restraining order and an order to show cause why a preliminary injunction should not issue which prohibits Palm from using the "NOT JUST A CELL PHONE" advertising and other confusingly similar infringements of Helio's DON'T CALL IT A PHONE marks.

## II. FACTUAL BACKGROUND

### A. Helio Has Exclusive Rights in its DON'T CALL IT A PHONE Marks

Helio is a Mobile Virtual Network Operator ("MVNO") that provides wireless communication products and network services to consumers. Declaration of Jessica Weeks in Support of Application for a Temporary Restraining Order ("Weeks Decl.") ¶ 2. In part, Helio combines wireless telephone, audio, video, data, GPS and Internet innovation with noteworthy service and support designed to deliver a breakthrough mobile experience for consumers. Id. As an MVNO, Helio offers its wireless services under its own brand name but procures these wireless network services from large network providers such as Sprint Nextel Corporation and Verizon Wireless. Id. Helio currently offers for sale three different mobile media devices that utilize its wireless services for sale to consumers which are known as the KICKFLIP™, the HERO™, and the DRIFT™. Id. at ¶ 3.[1] Helio also offered for sale Treo smartphones until August 2006. Id. at ¶ 35. As of November 30, 2006, Palm Treo devices represented approximately 10% of Helio's paid subscriber base. Id.

Helio was started in January 2005 as a joint venture between Earthlink, Inc., a US internet service provider, and SK Telecom Co., Ltd., a Korean telecommunications and mobile phone operator. Weeks Decl. ¶ 3. From its inception, Helio developed a new marketing strategy to directly target technology-savvy consumers who were interested in more than standard wireless telephone service. Id. ¶¶ 4-9. The main goal of Helio's new marketing and branding strategy was to differentiate and distinguish Helio from other major US wireless carriers in that it offered the latest in cutting-edge handset technology and services. Id.

Based on this marketing strategy, Helio engaged IPG/Deutsch LA, a well respected Los Angeles-based advertising agency to manage the company's debut to the mobile telecommunications marketplace. Weeks Decl. ¶¶ 5-6. Helio ultimately developed a branding strategy that would inform consumers about the highly demanded, multiple non-

---

[1] More information and display of Helio's brand can be found at www.helio.com.

4
HELIO'S APPLICATION FOR A TRO AND ORDER TO SHOW CAUSE

cellular phone functions that Helio branded devices offered, including GPS capabilities, full-motion video streaming, portable music functions (similar to devices such as Apple's iPod), direct access to MySpace (the largest internet social networking site), peer-to-peer location services using advanced satellite technology, and a camera/video camera. Id.

Helio officially launched its branding campaign in May 2006 when Helio used the slogans "DON'T CALL IT A PHONE" and "DON'T CALL US A PHONE COMPANY" in commerce on such internet sites as MySpace.com and Yahoo.com. Weeks Decl. ¶ 9; Declaration of Kathryn Wheble ("Wheble Decl.") ¶¶ 4-13 (Exhibits A-B). This branding initiative expanded to more traditional media such as magazines, newspapers, radio and television advertising in the weeks that followed. Weeks Decl. ¶¶ 9-13. Print advertisements have been featured in many of the most widely distributed US magazines including Rolling Stone, GQ, Wired, Details, Spin and Lucky among many others. Id. Major broadcast and cable television stations have run three different television advertisements which all prominently use Helio's marks DON'T CALL IT A PHONE and DON'T CALL US A PHONE COMPANY. Id. These television commercials have appeared hundreds of times on ESPN, MTV, VH-1, Comedy Central, BET, E! Entertainment Television, Cartoon Network, and Spike TV.[2] Id.

Helio has also featured its DON'T CALL IT A PHONE marks in online campaigns on such websites as AOL, YAHOO!, GOOGLE, MYSPACE, CNET, IDG ENTERTAINMENT, MSN.COM, MTV.COM, and PLANETOUT, among others. Weeks Decl. ¶ 10.

Further, local media outlets such as San Francisco's "Live 105" radio station (KITS 105.3 MHz) have broadcast Helio advertisements using Helio's marks DON'T CALL IT A PHONE and DON'T CALL US A PHONE COMPANY. Weeks Decl. ¶ 12.

---

[2] These commercials include (1) "Meet The Parents" (viewable at http://www.youtube.com/watch?v=dwQkU7jLXRY); (2) "Frenchie" (viewable at http://www.youtube.com/watch?v=o5ed2F4bFsw&mode=related&search=); and (3) "Scuba" (viewable at http://www.youtube.com/watch?v=YZES-rix6yM&mode=related&search=), which are all available to be seen over the Internet on various sites including www.youtube.com.

Helio has also sponsored special events that incorporate the DON'T CALL IT A PHONE marks. Weeks Decl. ¶¶ 15-18. These include many widely attended parties at fashionable nightlife establishments in Los Angeles, San Francisco, Dallas, Chicago, Boston, Philadelphia, Washington DC, New York, Miami and Atlanta. Id. Thousands of influential trendsetters (including celebrities such as Justin Timberlake and Cameron Diaz) attended these parties where Helio distributed branded material that included the "DON'T CALL IT A PHONE" marks. Id.

Helio branded devices and service are offered for sale at thousands of retail establishments throughout the country. Weeks Decl. ¶ 12. Helio has also opened its own branded retail stores to distribute Helio products and services in Santa Monica, San Diego and Palo Alto, California. Id. at ¶ 12. Helio will be opening new stores in Denver and New York, and has plans to open stores in Miami, Chicago, Boston, Dallas, Seattle, and Atlanta. Id. Helio's "DON'T CALL IT A PHONE" marks appear on screen savers on in-store computers, on signage in the store, and on the uniforms worn by store employees. Id.

Helio has spent over $30 million to establish the HELIO brand, with the prominent use of the "DON'T CALL IT A PHONE" and "DON'T CALL US A PHONE COMPANY" marks representing over 85% of such spending. Weeks Decl. ¶ 14. Most, if not all, Helio branded consumer media advertising features Helio's "DON'T CALL IT A PHONE" marks. Id.

Helio's broad-based use and promotion of its slogans "DON'T CALL IT A PHONE" and "DON'T CALL US A PHONE COMPANY" are the subject of Helio-owned federal trademark applications U.S. Ser. Nos. 78735805, 78735810 and 78735812 (for the slogan DON'T CALL IT A PHONE) and U.S. Ser. Nos. 78735814, 78735817 and 78735819 (for the slogan DON'T CALL US A PHONE COMPANY) for use with computer software programs, communication services, and audio-video broadcasting via wireless communication networks, among other things (collectively the "DON'T CALL IT A PHONE" marks). The applications were filed on October 18, 2005 under 15 U.S.C. §1051(b) with a first use date on May 2, 2006. Wheble Decl. ¶¶ 11-13. Notices of Allowance have been issued for

Application Ser. Nos. 78735805 and 78735812 and statements of use are being filed this week. Id. at ¶ 6

"To establish ownership of a mark, the prior user must establish not only that at some date in the past it used the mark, but that such use has continued to the present." Thomas McCarthy, McCarthy on Trademarks § 16:9 (2005); Chance v. Pac-Tel Teletrac Inc. 242 F.3d 1151, 1158 (9th Cir. 2001) ("evidence showing, first, adoption, and second, use in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark is competent to establish ownership, even without evidence of actual sales."); Honor Plastic Indus., Co., Ltd. v. Lollicup USA, Inc., No. Civ-F-06-0707, 2006 WL 3199143, *5 (E.D. Cal. Nov. 3, 2006) citing Sengoku Works v. RMC Int'l, 96 F.3d 1217, 1219. ("[O]nce an application for trademark is granted that party is presumed to have established ownership of the mark as of the filing date of the application."). Consequently, Helio now has exclusive rights to the DON'T CALL IT A PHONE marks.

**B.    Helio's DON'T CALL IT A PHONE Marks Are Distinctive And Have Obtained Consumer Recognition**

Since the development of its DON'T CALL IT A PHONE branding campaign beginning in 2005 and first use in May 2006, Helio has consistently used the DON'T CALL IT A PHONE marks in the marketing, advertising, sale, and distribution of their mobile media devices throughout the United States with respect to its Helio brand. Weeks Decl. ¶ 21.

As a result of Helio's extensive use of its DON'T CALL IT A PHONE marks in its national media campaign, Helio has built up valuable recognition among consumers that associate the DON'T CALL IT A PHONE marks with Helio, and Helio owns the valuable consumer goodwill that is associated with the DON'T CALL IT A PHONE marks. See Weeks Decl. ¶ 21. The internet's largest social networking site, MySpace, lists Helio as having over 180,000 linked "friends," many of which have posted comments recognizing and approving of Helio's DON'T CALL IT A PHONE marks. Weeks Decl. ¶ 20, Ex. G (MySpace page showing over 180,000 "friends"). In fact, the largest free internet

encyclopedia, Wikipedia, recognizes Helio's DON'T CALL IT A PHONE marks as a key identifier for Helio. See http://en.wikipedia.org/wiki/helio.

To confirm the effectiveness of its DON'T CALL IT A PHONE marks, Helio commissioned a brand equity study of over 1,900 individuals. Weeks Decl. ¶ 19. Of those surveyed, approximately sixty-one (61%) correctly attributed the DON'T CALL IT A PHONE to Helio. Id. When asked to state in their own words what the key message is for Helio devices, a substantial percentage of individuals responded "it's not just a phone." Id.

Further, the PTO has not determined that any of Helio's DON'T CALL IT A PHONE marks are not distinctive and no examiner has required any limitation or required a showing of consumer recognition of the marks during prosecution of Helio's trademark applications. Wheble Decl. ¶¶ 5-10.

Consequently, the DON'T CALL IT A PHONE marks are distinctive and have developed substantial consumer recognition among members of the public.

C.   **PALM Recently Launched An Extensive, Infringing Advertising Campaign**

Palm Inc. is a publicly traded personal digital assistant manufacturer based in Sunnyvale, California. Wheble Decl. Exhibit D (March 27, 2006 Press Release). Founded in 1992, Palm Inc. has developed into one of the leading manufacturers personal digital devices. Id. and http://en.wikipedia.org/wiki/Palm%2C_Inc. Palm, Inc. is now a subsidiary of 3Com, a publicly traded computer networks company. Id. On November 24, 2003, Palm launched its Treo 600 series of smartphones. See Exhibit E to Wheble Decl. Palm touted these devices as a "full-featured mobile phone and Palm OS organizer with wireless communication applications, such as email, messaging and web browsing, and even a digital camera." Id.

Three years after its initial launch of this cell phone line, and months after Helio's well-recognized and well-received DON'T CALL IT A PHONE branding initiative, Palm embarked on an entirely new advertising campaign. On December 11, 2006, Palm announced that it was launching a $25 million campaign to promote its newest phone in the Treo 600 line, the Treo 680, using the "the **category-defining** tagline '**Not just a cell**

8