QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Brian Cannon (Bar No. 193071)
  Doug Colt (Bar No. 210915)
  Andrea Pallios Roberts (Bar No. 228128)
    claudestern@quinnemanuel.com
    briancannon@quinnemanuel.com
    dougcolt@quinnemanuel.com
    andrearoberts@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant Palm, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HELIO LLC<br><br>    Plaintiff,<br><br>    vs.<br><br>PALM, INC.<br><br>    Defendant. | **CASE NO. C 06 7754 SBA**<br><br>**DEFENDANT PALM, INC.'S ANSWER TO PLAINTIFF HELIO LLC'S COMPLAINT** |

Defendant Palm, Inc. ("Palm"), answering the complaint of plaintiff Helio LLC ("Helio") dated December 19, 2006 (the "Complaint"), pleads and avers as follows.

In response to the unnumbered introduction to Helio's Complaint, Palm denies its material allegations, including the allegations that in reaction to Helio's alleged success, Palm launched an advertising campaign similar to Helio's, deliberately trying to trade on Helio's purported goodwill, and the allegation that there is consumer confusion between Helio's "Don't call it a phone," "Don't call us a phone company" marks and Palm's "Not Just a Cell Phone. A Treo." advertising campaign. Palm avers that it first developed its "Not Just a Cell Phone. A Treo."

advertising campaign in early 2005 and publicly launched it on October 12, 2006 at the Digital Life expo, a major industry tradeshow. Palm avers that this advertising campaign is focused on the Treo mobile device, a well-known mark. Palm further avers that it provides a different product than does Helio; Palm sells the Treo mobile device, not mobile phone service, whereas Palm is informed and believes that Helio provides mobile phone service in addition to its mobile phones.

## THE PARTIES

1. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

2. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

3. Admits the allegations of this paragraph for the purposes of this lawsuit.

## JURISDICTION AND VENUE

4. Responds that this paragraph states legal conclusions to which no responsive pleading is required.

5. Responds that this paragraph states legal conclusions to which no responsive pleading is required.

6. Responds that this paragraph states legal conclusions to which no responsive pleading is required.

7. Responds that this paragraph states legal conclusions to which no responsive pleading is required.

## FACTS

8. Admits that Palm has been informed that Helio has applied for the registration of the slogans "Don't call it a phone" and "Don't call us a phone company." Denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.

9. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

10. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

11. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

12. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

13. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

14. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

15. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

16. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

17. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

18. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

19. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

20. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

21. Denies that Palm did not start using the phrase "Not Just a Cell Phone. A Treo." until the December 2006 holiday shopping season. Palm avers that it first used the phrase "Not just a mobile. A Treo." in the United Kingdom and Germany on September 12, 2006 and publicly launched its use of the phrase "Not Just a Cell Phone. A Treo." in the United States on October 12, 2006 at the Digital Life expo, a major industry event. Palm further avers that it began developing its "Not Just a Cell Phone. A Treo." advertising campaign in early 2005 and adopted

the phrase "Not Just a Cell Phone. A Treo." no later than May 2006. Palm denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.

22. Denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph. Palm further responds that this paragraph states legal conclusions to which no responsive pleading is required.

23. Admits that Helio has not granted a license, permission, or allowed Palm to use the "Don't call it a phone" marks in connection with its business, but denies any implication that Helio's consent is required because, as a matter of law, Palm is entitled to use the phrase "Not Just a Cell Phone. A Treo."

24. Admits that a December 12, 2006 article in Brandweek.com entitled "Fresh Push Begins for Palm's Treo 680" reports that Palm launched a $25 million marketing campaign to promote its smartphones using the phrase "Not Just a Cell Phone. A Treo." but denies any implication that this was the first time Palm used the phrase. Palm avers that it first used the phrase "Not just a mobile. A Treo." in the United Kingdom and Germany on September 12, 2006 and publicly launched its use of the phrase "Not Just a Cell Phone. A Treo." in the United States on October 12, 2006 at the Digital Life expo, a major industry event.

25. Admits the allegations in this paragraph.

26. Admits that Mr. Hancock was purportedly quoted in a December 12, 2006 article in Brandweek.com entitled "Fresh Push Begins for Palm's Treo 680" saying "And the holiday is the peak season. It has reached the price point for purchase as a gift." Denies that Mr. Hancock admitted that Palm's campaign was strategically designed to take place during the critical holiday season and denies knowledge or information sufficient to constitute a belief as to the truth of the other matters alleged in this paragraph.

27. Admits that a December 12, 2006 article in Brandweek.com entitled "Fresh Push Begins for Palm's Treo 680" states that Mr. Hancock "acknowledged the similarity to the positioning of rival Helio." Palm further avers that the same article quoted Mr. Hancock as noting "that the two devices pursue 'different markets.'"

28. Denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

29. Denies that Palm intends to continue using its "Not Just a Cell Phone. A Treo." advertising campaign and selling and distributing its products to customers using this phrase inasmuch as Palm only contracted for outdoor advertising using this phrase through December 31, 2006, with four outdoor, interactive kiosks using this phrase through January 31, 2007. Admits that Palm's current intention is to continue using its "Not Just a Cell Phone. A Treo." advertising campaign in other media, but further avers that it is scheduled to use the campaign in other media only through March 2007.

30. Admits that through the summer of 2006, Helio purchased Palm's Treo products for resale. Palm denies knowledge or information sufficient to constitute a belief as to the truth of the allegations that Helio sold Treo devices to consumers as part of Helio's Earthlink Wireless brand and that Helio provides support for Palm's Treo product. Palm denies the remaining allegations in this paragraph.

31. Denies the allegations in this paragraph.

32. Denies the allegations in this paragraph.

33. Denies the allegations in this paragraph and responds further that this paragraph states a legal conclusion to which no responsive pleading is required.

34. Denies the allegations in this paragraph.

35. Denies the allegations in this paragraph and responds further that this paragraph states a legal conclusion to which no responsive pleading is required.

## COUNT I

36. Incorporates by reference all above responses to the allegations of the Complaint as if fully set forth herein.

37. Denies the allegations in this paragraph.

38. Denies the allegations in this paragraph and responds further that this paragraph states a legal conclusion to which no responsive pleading is required.

1    39.    Denies the allegations in this paragraph and responds further that this paragraph
2 states a legal conclusion to which no responsive pleading is required.
3    40.    Denies the allegations in this paragraph.
4    41.    Denies the allegations in this paragraph and responds further that this paragraph
5 states a legal conclusion to which no responsive pleading is required.
6    42.    Denies the allegations in this paragraph and responds further that this paragraph
7 states a legal conclusion to which no responsive pleading is required.

## COUNT II

9    43.    Incorporates by reference all above responses to the allegations of the Complaint as
10 if fully set forth herein.
11   44.    Denies the allegations in this paragraph and responds further that this paragraph
12 states a legal conclusion to which no responsive pleading is required.
13   45.    Denies the allegations in this paragraph and responds further that this paragraph
14 states a legal conclusion to which no responsive pleading is required.
15   46.    Denies the allegations in this paragraph.
16   47.    Denies the allegations in this paragraph and responds further that this paragraph
17 states a legal conclusion to which no responsive pleading is required.
18   48.    Denies the allegations in this paragraph and responds further that this paragraph
19 states a legal conclusion to which no responsive pleading is required.
20   49.    Denies the allegations in this paragraph and responds further that this paragraph
21 states a legal conclusion to which no responsive pleading is required.

## COUNT III

23   50.    Incorporates by reference all above responses to the allegations of the Complaint as
24 if fully set forth herein.
25   51.    Denies the allegations in this paragraph and responds further that this paragraph
26 states a legal conclusion to which no responsive pleading is required.
27   52.    Denies the allegations in this paragraph and responds further that this paragraph
28 states a legal conclusion to which no responsive pleading is required.

53. Denies the allegations in this paragraph.

54. Denies the allegations in this paragraph and responds further that this paragraph states a legal conclusion to which no responsive pleading is required.

55. Denies the allegations in this paragraph and responds further that this paragraph states a legal conclusion to which no responsive pleading is required.

56. Denies the allegations in this paragraph and responds further that this paragraph states a legal conclusion to which no responsive pleading is required.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

57. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Nominative Fair Use/U.S. Constitution, First Amendment)**

58. The Complaint, and each purported claim for relief alleged therein, is barred by the First Amendment to the United States Constitution and the doctrine of nominative fair use because Palm's use of the phrase "Not Just a Cell Phone. A Treo." is true and not false or materially misleading.

### THIRD AFFIRMATIVE DEFENSE

**(Fair Use)**

59. Accepting for purposes of this defense Helio's allegations that "Don't call it a phone," "Don't call us a phone company" are protected marks, Palm's use of the phrase "Not Just a Cell Phone. A Treo." is a fair, comparative use.

### FOURTH AFFIRMATIVE DEFENSE

**(Laches and Estoppel)**

60. Helio's claims are barred in whole or in part by application of the doctrines of laches and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

61. Helio's claims are barred in whole or in part by application of the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

62. Helio's claims are barred in whole or in part by application of the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

63. Helio's claims are barred by the doctrine of acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

64. Helio's claims for injunctive relief are barred as a matter of law because Helio has not suffered any irreparable harm as a result of the acts alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

65. Helio's claims are barred, in whole or in part, by Helio's failure to mitigate its alleged damages.

## TENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

66. Helio's claims for injunctive relief are barred as a matter of law because Helio has an adequate remedy at law for any damages resulting from the actions alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Contributory and/or Comparative Negligence)

67. Helio failed to exercise reasonable care in protecting their own alleged interests in the trademarks referenced in the Complaint and the loss or damage allegedly sustained by Helio

was proximately caused or contributed to by Helio's own contributory and/or comparative negligence.

### TWELFTH AFFIRMATIVE DEFENSE

### (Abuse of Process)

68.  Helio's claims are without merit and are an attempt to harass Palm and stifle free competition such that Helio's actions constitute an abuse of process.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Not the Senior User)

69.  Helio's claims are barred because Helio is not the senior user of the alleged marks and therefore has no senior rights to them.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Generic Mark)

70.  Helio's claims are without merit because Helio's alleged marks are generic and therefore unprotectible.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Lacks Secondary Meaning)

71.  Accepting for purposes of this defense that Helio's alleged marks are not generic, they are descriptive, thereby protectible only upon proof of secondary meaning, which is lacking.

DATED: January 8, 2007            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  /s/ Claude M. Stern
   Claude M. Stern
   Attorneys for Defendant Palm, Inc.