UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HELIO LLC<br><br>Plaintiff,<br><br>vs.<br><br>PALM, INC.<br><br>Defendant. | CASE NO. C 06 7754 SBA<br><br>[PROPOSED] ORDER DENYING PLAINTIFF HELIO LLC'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER |

**ORDER DENYING PLAINTIFF HELIO'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**

1. On December 19, 2006, plaintiff Helio LLC ("Helio") filed its complaint in this action asserting claims of trademark infringement and violation of the Lanham Act, 15 U.S.C § 1125(a). Concurrently with its complaint, Helio filed its Application For Temporary Restraining Order And For Order To Show Cause Why Preliminary Injunction Should Not Issue. Helio's Application was supported by the declarations of Kathryn M. Wheble, Jessica Weeks, and Harold H. Davis, as well as the exhibits thereto.

2. On December 20, 2006, defendant Palm, Inc. ("Palm") filed its Opposition to Helio's Application. Palm's Opposition was supported by the declarations of Scott Hancock and Doug Colt, as well as the exhibits thereto.

3. The Court held oral argument on this matter on December 21, 2006.

4.  Kevin C. Trock of Kirkpatrick & Lockhart Nicholson Graham appeared and argued for plaintiff Helio. Deborah Bailey-Wells, and Harold H. Davis, Jr. also appeared on behalf of Helio.

5.  Brian C. Cannon of Quinn Emanuel Urquhart Oliver & Hedges appeared and argued for defendant Palm. Charles Verhoeven, Doug Colt and Kathryn Cole also appeared on behalf of Palm and Claude M. Stern appeared on Palm's brief.

6.  The Court, in accordance with Fed. R. Civ. P. 65 and Civ. L.R. 65-1, having given full consideration to the papers and evidence in support of and in opposition to Plaintiff's Application, the relevant authorities, and the respective arguments of counsel, denied Helio's Application for a Temporary Restraining Order on the record at the December 21, 2006 hearing and now rules as follows:

7.  In this action, Helio asserts ownership and use of the marks "DON'T CALL IT A PHONE" and "DON'T CALL US A PHONE COMPANY."

8.  Palm asserts that it makes and sells mobile communication devices, such as its TREO product. Palm's advertising for its TREO 680 device includes the slogan "NOT JUST A CELL PHONE. A TREO." This slogan appears in outdoor advertising, including billboards, taxi-top displays and mass transit displays, as well as in print media and banners on Internet websites.

9.  Pursuant to its Application, plaintiff Helio seeks an order compelling defendant Palm to remove, mask, or alter the slogan "NOT JUST A CELL PHONE." from all outdoor advertising and to remove the slogan from all print media and Internet sites on the grounds that it is confusingly similar to Helio's marks and has a likelihood of confusing consumers.

10. Palm asserts that its slogan is separate and distinct from Helio's marks; that Helio's marks are generic or descriptive; and that there is no likelihood of consumer confusion.

11. An analysis of Helio's application requires the Court to consider Helio's likelihood of success on the merits of its infringement claims.

12. To determine likelihood of success of Helio's claim for trademark infringement, the Court analyzes each of the eight factors set forth in *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000):

1      (a)    the strength of the allegedly infringed mark,

2      (b)    the similarity of the goods,

3      (c)    the similarity of the marks,

4      (d)    the similarity of the marketing channels,

5      (e)    Palm's intent in selecting its mark,

6      (f)    evidence of actual consumer confusion,

7      (g)    the degree of care likely to be exercised by consumers, and

8      (h)    the likelihood of expansion into other markets.

13. Having analyzed these factors both individually and collectively, and finding that some factors favor Helio, while others favor Palm and others are neutral as explained at the hearing held on December 21, and having considered the balance of hardships and the likelihood of irreparable injury, the Court concludes that for the purposes of a temporary restraining order only, Helio has not met its burden for receiving emergency relief.

**IT IS THEREFORE ORDERED:**

14. Plaintiff's Application for a Temporary Restraining Order is DENIED.

15. A hearing on a motion for a preliminary injunction shall be held on March 6, 2007, at 1:00 p.m. in the courtroom of the Honorable Judge Armstrong located at 1301 Clay Street, Oakland, CA 94612.

16. Plaintiff's papers in support of the motion shall be filed by January 30, 2007.

17. Defendant's papers in opposition to the motion shall be filed by February 13, 2007.

18. Any reply papers in support of the motion shall be filed by February 20, 2007.

19. Each party shall be entitled to take up to two depositions prior to the hearing and the parties shall be entitled to serve Requests for Production of Documents prior to the hearing. Discovery shall close on January 26, 2007. Each of the parties may obtain discovery from third parties. No other discovery shall be permitted prior to the preliminary injunction hearing, except upon stipulation of the parties. The parties shall meet and confer to develop a discovery schedule in connection with this expedited discovery.

| | | |
|---|---|---|
| 1 | **APPROVED AS TO FORM** | KIRKPATRICK, LOCKHART, PRESTON, GATES, |
| 2 | DATED: January 5, 2007 | ELLIS LLP |

By _____/s/ Kevin Trock (HHD)_____
Kevin Trock
Attorneys for Plaintiff, Helio LLC

DATED: 1-8-_____, 2007

SO ORDERED.

By _____/s/ Saundra B. Armstrong_____
The Honorable Saundra Brown Armstrong
United States District Court Judge