**Deborah Bailey-Wells**     (114630, deborah.bailey-wells@klgates.com)
**Kevin C. Trock**     (161787, kevin.trock@klgates.com)
**Harold H. Davis, Jr.**     (235552, harold.davis@klgates.com)
**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
55 Second St., Suite 1700
San Francisco, CA 94105
Telephone    (415) 882-8200
Fax:          (415) 882-8220

Attorneys for Plaintiff HELIO LLC

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HELIO, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> PALM INC. <br><br> Defendant. | Case No. C 06-7754 SBA <br><br> **[PROPOSED] ORDER GRANTING HELIO'S MOTION FOR PRELIMINARY INJUNCTION** |

**ORDER GRANTING PLAINTIFF HELIO'S MOTION FOR A PRELIMINARY INJUNCTION**

This cause has been presented to the Court, upon motion of Plaintiff Helio LLC ("Helio"), seeking a Preliminary Injunction during the pendency of this action, from infringing Helio's trademarks pursuant to Fed. R. Civ. P. Rule 65 and Civ. L.R. 65-1.

Helio's motion is supported by a Memorandum of Points and Authorities; the Declaration of Harold H. Davis; and the Declaration of Kathryn Wheble.

This Court having given full consideration to all of the parties' papers and the relevant authorities and argument of counsel, and in accordance with Federal Rule of Civil Procedure 65 and Civ. L.R. 65-1, makes the following Order:

1. This Court has subject matter jurisdiction under 15 U.S.C. § 1021, § 1051 et seq. and 28 U.S.C. § 1331.

2. This Court has personal jurisdiction over Defendant Palm Inc. by virtue of its having its principal place of business in California and in this District and because of its tortious acts within this Judicial District.

3. Plaintiff Helio owns federal trademark applications for the slogans and positioning propositions DON'T CALL IT A PHONE, U.S. Ser. Nos. 78735805, 78735810 and 78735812 and DON'T CALL US A PHONE COMPANY, U.S. Ser. Nos. 78735814, 78735817 and 78735819 for use with computer software programs, communication services, and audio-video broadcasting via wireless communication networks, among other things (collectively the "DON'T CALL IT A PHONE" marks). The applications were filed on October 18, 2005 under 15 U.S.C. §1051(b) and the date of first use in commerce was on May 2, 2006. A Notice of Allowance has been issued for Application Ser. Nos. 78735805 and 78735812. Plaintiff Helio has established ownership in its marks.

4. Defendant Palm has and intends to use and is using a confusingly similar mark as part of a $25 million advertising campaign during the holiday season without Helio's authority to do so.

5. Plaintiff Helio has demonstrated a sufficient (i) likelihood of success on the

merits of its trademark infringement and unfair competition claims, (ii) irreparable harm if it is not granted a preliminary injunction, (iii) the balance of hardships tipping in its favor, (iv) and the absence of any public interest factors militating against the interim relief sought in its application, to merit and constitute good cause for the issuance of a preliminary injunction as described herein.

6. The Court finds that Plaintiff Helio is likely to succeed on the merits in proving, *inter alia*, trademark infringement, unfair competition, including a false designation of origin and false representation, in Defendant Palm Inc.'s use of a confusingly similar slogan "Not Just a Cell Phone" as the centerpiece of its newly announced advertising campaign.

IT IS THEREFORE ORDERED that:

1. Defendant Palm, its officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies, and all persons acting for, with, by, through or under them having notice of this Order by personal service, electronic mail, or otherwise, and each of them, shall be immediately enjoined and restrained from:

   a. Using in any manner Helio's marks, the slogan "Not Just a Cell Phone", and any other term or terms likely to cause confusion therewith in connection with the advertising or portion of its goods, services, or web sites;

   b. Using in any manner the Helio marks in connection with Palm's goods or services in such a manner that is likely to create the erroneous belief that said goods or services are authorized by, sponsored by, licensed by or are in some way associated with Helio;

   c. Disseminating, using, or distributing any advertising, web site pages, or any other promotional materials whose appearance resembles Helio's DON'T CALL IT A PHONE marks so as to create a likelihood of confusion, mistake or deception; and

   d. Otherwise engaging in any other acts or conduct which could cause consumers to erroneously believe that Defendant Palm's goods or services are somehow sponsored by, authorized by, licensed by, or in any other way associated with Helio.

2. Defendant Palm shall preserve and retain in hard copies or digital copies, all evidence and documentation relating in any way to its use of "Not Just a Cell Phone" or

1 other similar slogans in any form, including all records relating to any website, subscription
2 magazine, billboards, or any other media whatsoever where such a slogan has been used,
3 all records relating to the names, addresses (e-mail or otherwise) of any parties with whom
4 Defendant Palm has communicated relating to the "Not Just a Cell Phone" campaign, and
5 all financial records relating to such advertising, web sites, magazines, or any products or
6 services, on or offered through any such media, and shall deliver copies of all the
7 aforementioned records to Plaintiff Helio's counsel, Kevin C. Trock, Kirkpatrick & Lockhart
8 Preston Gates Ellis LLP, 55 Second St., Suite 1700, San Francisco, CA 94105.

9     3.    Defendant Palm shall immediately cease using and claiming ownership of the
10 slogan "Not Just a Cell Phone".

11     4.    Defendant Palm Inc. shall file with the Court and serve upon Plaintiff's counsel
12 within five (5) days of the entry of such Order an affidavit or declaration attesting to and
13 detailing Defendant's compliance with it.

14     7.    It is further ordered that Plaintiff Helio shall maintain a bond in the amount of
15 $25,000 for this Order.

17 Dated:_____    Hon._____
                                                    Judge Saundra B. Armstrong

3

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION
Case No. C 06-7754 SBA