QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Brian Cannon (Bar No. 193071)
  Doug Colt (Bar No. 210915)
  Andrea Pallios Roberts (Bar No. 228128)
    claudestern@quinnemanuel.com
    briancannon@quinnemanuel.com
    dougcolt@quinnemanuel.com
    andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Defendant Palm, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HELIO LLC<br><br>  Plaintiff,<br><br>  vs.<br><br>PALM, INC.<br><br>  Defendant. | **CASE NO. C 06 7754 SBA**<br><br>**EMERGENCY MOTION FOR EXPEDITED BRIEFING AND HEARING; AND MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS** |

TO PLAINTIFF HELIO AND ITS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that as soon as counsel may be heard by the above-entitled Court, Defendant Palm, Inc. will and hereby does move the Court for an order setting an expedited briefing and hearing schedule on Palm's motion to compel deposition and for sanctions. This motion for expedited hearing is brought on the ground that Palm needs to take the requested deposition in advance of filing its opposition to Plaintiff Helio LLC's motion for a preliminary injunction on March 20, 2007 and that the deposition in question was prematurely terminated on Friday, March 9, 2007. Palm further will and hereby does move the Court for an order compelling

Helio to produce its 30(b)(6) designee for deposition and awarding sanctions. This motion to compel is brought on the ground that Palm is entitled to seven hours of deposition with each of Helio's 30(b)(6) designees and Palm is entitled to two depositions during expedited discovery. These motions are based on this notice of motion, the memorandum of points and authorities filed herewith, the declarations of Brian Cannon, Doug Colt, and Andrea Pallios Roberts, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

## MOTION FOR EXPEDITED BRIEFING AND HEARING

### I.

Pursuant to Local Rule 6-3, Palm requests an expedited hearing on its motion to compel. Plaintiff Helio has filed a motion for preliminary injunction in this trademark action relating to Palm's advertising campaign for its Treo 680 device. In connection with this motion, this Court entered an expedited discovery order that permitted both sides to take a total of two depositions prior to a preliminary injunction hearing. (See Docket No. 23.) Palm's opposition is currently due on Tuesday, March 20, 2007, with a hearing scheduled for April 10, 2007. Helio's motion for preliminary injunction is supported by the declaration of Helio marketing executive Jessica Weeks.

As described in more detail below and in Palm's motion to compel: today, Friday, March 9, 2007, Helio's counsel unilaterally terminated the deposition of Helio's corporate witness -- Ms. Weeks -- and refused to provide more time for her continued deposition. Completion of this deposition is necessary for Palm's opposition. As described in the accompanying declaration of Brian Cannon, Palm requested that Helio agree to the expedited schedule on this matter, but Helio refused. Accordingly, Palm requests an expedited hearing on this matter on Wednesday, March 14.

1  An order shortening time for Palm's motion to compel to be heard will not significantly alter the Court's schedule. Palm will need a brief extension of time to prepare its opposition to Helio's motion for a preliminary injunction after the conclusion of Ms. Weeks' deposition. Provided that Helio is ordered to produce Ms. Weeks for deposition immediately, Palm need only an additional week to prepare its opposition to Helio's motion for a preliminary injunction. The schedule for the preliminary injunction briefing was extended twice previously -- once because Helio needed additional time to complete discovery before filing its opening brief and once to accommodate Palm's counsel's trial schedule in another matter. (Docket nos. 29 and 32.) The hearing date, however, has not been moved more than a month from the original hearing date set by this Court. (Docket no. 23).

## II.

For the foregoing reasons, this Court should issue an order setting the hearing date on Palm's motion to compel deposition and for sanctions for Wednesday, March 14, 2007. This Court should require any responsive briefing from Helio to be filed by Tuesday, March 13, 2007.

## MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS

### I.
### INTRODUCTION AND SUMMARY

This morning, on March 9, 2007, after counsel for both parties had traveled to Los Angeles and stayed overnight, counsel for plaintiff Helio LLC, Kevin Trock, arrived at the deposition of Jessica Weeks--a deposition that had already been delayed for a week at plaintiff's request--and announced, for the very first time, that Helio would present the witness for only an hour and a half. At noon, Mr. Trock and Ms. Weeks walked out of the deposition and refused to stay while Palm attempted to contact the Court for a telephone hearing. Helio refuses to present the witness for additional deposition. Palm is taking this deposition to defend itself against Helio's request for a preliminary injunction, and Palm's opposition papers are currently due on March 20, 2007.

Mr. Trock based his unilateral decision to terminate the deposition on an inaccurate, unreasonable, and legally unsupported claim that an F.R.C.P. Rule 30(b)6 deposition, regardless

of how many witnesses Helio chose to designate in response to such a notice, is limited to a **total** of seven hours. In response to Palm's notice of deposition, Helio designated three different witnesses. Two of those witnesses have already been deposed and Palm spent a total of 5.5 hours deposing the two witnesses. Helio now claims that Palm is only entitled to depose the third witness for a total of 1.5 hours. The Federal Rules make clear however, that each individual witness that a party chooses to designate is treated as a **separate** witness who can be deposed for up to seven hours. Helio's position is unsupported by law, and is particularly egregious given that Helio itself delayed this deposition for a week, made no mention of this position prior to the deposition, and then announced--on the morning of the deposition after counsel had traveled to Los Angeles--that Helio was taking this position. Despite Palm's counsel having explicitly read the text of the Federal Rules to Mr. Trock at the deposition, Mr. Trock refused to allow the deposition to continue.

Palm has to file an opposition to plaintiff's motion for a preliminary injunction by March 20, 2007, and Palm therefore requests a hearing on this matter at the earliest possible opportunity, as Helio has refused to permit Palm to depose the most important witness in the case. Because plaintiff's position is wholly unsupported by law and because plaintiff chose to hide its position until the morning of the deposition instead of giving the parties the opportunity to meet and confer on the issue, Palm also seeks the imposition of sanctions and an order compelling Helio to reimburse Palm for the attorneys' fees that will be required for a second deposition session.

## II.
## STATEMENT OF FACTS

On January 11, 2007, Palm served Helio with a Notice of Deposition pursuant to Federal Rule of Civil Procedure Rule 30(b)(6), and requested testimony on the topics Palm believed were critical for the preliminary injunction hearing. (Colt Decl. ¶2.) Helio never objected to Palm taking a Rule 30(b)(6) deposition. (Roberts Decl., ¶2.) On January 22, 2007, counsel for Helio stated that Helio would present a total of three witnesses in response to the notice of deposition, but that Helio was taking the position that Palm could spend only seven hours total among all three witnesses. (Colt Decl. ¶3.) Counsel for Palm advised Helio's counsel that this position

unsupported by the federal rules, as well as this Court's order permitting each side to take two depositions. At a minimum, this Court's ruling would have permitted each side to take two separate depositions for a total of 14 hours under F.R.C.P. Rule 30(d)(2). Palm's counsel communicated this information to Helio's counsel and requested a stipulation that Palm be permitted a total of 10 hours to depose all three witnesses. (*Id,* ¶ 4.). Palm viewed this as a very reasonable compromise, especially given that Palm would be entitled to 14 hours of deposition by simply serving a second notice of deposition. Helio's counsel, however, refused. (*Id.*)

During the first week of February, 2007, Palm's counsel, Doug Colt, had several telephone conversations regarding this issue with Helio's counsel, Kevin Trock. Mr. Trock stated that Helio would permit Palm to depose Helio's 30(b)(6) witnesses for more than seven hours, provided that Palm's questioning was "reasonable," in Mr. Trock's opinion. (*Id.*, ¶ 5.) Based upon what Palm believed to be Helio's good-faith representation, Palm proceeded to depose two of Helio's 30(b)(6) designees on February 7, 2007 for a total of approximately 5.5 hours. (Robert Decl., ¶ 3.) At no point during either deposition did Mr. Trock stated that Palm's questioning was unreasonable. (*Id.*, ¶ 4.)

At no point after the two depositions did Helio ever contact Palm to advise that Helio would only permit Palm to spend an additional 1.5 hours with the third remaining witness, Jessica Weeks, who is arguably the most important witness in this case. (Colt Decl., ¶ 6.) Ms. Weeks, one of Helio's senior marketing executives, is the sole Helio employee to have submitted a declaration in this case, and virtually every aspect of Helio's claim for preliminary injunction is based upon that declaration. (*Id.*, ¶ 7.)

On February 27, 2007, Mr. Trock wrote to Mr. Colt and advised that Helio needed to delay the Weeks deposition, then scheduled for March 2, 2007, until March 9, 2007. (*Id.*, ¶ 8.) Palm agreed to this request and the deposition was re-scheduled for 9:00 a.m. on March 9, 2007. (*Id.*)

On March 8, 2007, Mr. Colt flew to Los Angeles and stayed overnight in advance of the deposition scheduled for March 9. (*Id.*, ¶ 9) On the morning of March 9, 2007, after arriving at the deposition at 9:15 a.m., Mr. Trock announced that Ms. Weeks would only be presented for a total of 1.5 hours. (*Id.*, ¶ 10.). Mr. Colt advised Mr. Trock that this position was outrageous,

especially given the fact that Helio had over a month in between the Weeks deposition and the previous depositions to inform Palm that Helio was taking this position. (*Id.*, ¶11.) Mr. Trock asked Mr. Colt to "show me the law." (*Id.*, ¶12.) Mr. Colt responded by reading the Advisory Committee notes to the 1993 and 2000 Amendments to the Federal Rules into the record, including the following provisions:

> A deposition under Rule 30(b)(6) should, for purposes of this limit [the 10 deposition limit under 30(2)(A)] be treated as a single deposition even though more than one person may be designated to testify. (1993 Advisory Committee Notes).

> Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition.…For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition. (2000 Advisory Committee Notes).

Despite the clear language of the rules, Mr. Trock refused to permit the deposition to proceed and at approximately noon, he and Ms. Weeks left the deposition. (*Id.*, ¶ 13.) Mr. Colt requested that Mr. Trock remain so that the parties could attempt to contact the Court, but Mr. Trock refused. (*Id.*, ¶ 14.)

Palm's counsel expected to spend approximately 5-6 hours deposing Ms. Weeks, and as a result of the departure of the witness at noon, Palm was unable to complete many key aspects of the deposition and was unable to complete approximately 3/5 of the material anticipated for Ms. Weeks. (*Id.*, ¶15.) This remaining testimony is critical for Palm to oppose Helio's motion for a preliminary injunction. (*Id.*)

## III.
## DISCUSSION

**A.     Palm is Entitled to Seven Hours of Deposition With Ms. Weeks.**

Helio's refusal to allow Palm to depose Ms. Weeks for seven hours violates the discovery rules and this Court's order. Federal Rule of Civil Procedure 30(b)(6) provides that a party may depose a corporation and the corporation must designate individuals to testify on its behalf. Fed. R. Civ. P. 30(b)(6). Such a deposition counts as one deposition for the purpose of the ten-deposition limit, even though more than one person may be designated to testify. Adv. Comm.

Note to 1993 Amendment to Rule 30.  For purposes of the seven-hour deposition limit, however, "*the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition*."  Adv. Comm. Note to 2000 Amendment to Rule 30 (emphasis added); see also Moore's Federal Practice, 3d ed., vol. 7, § 30.45; *Quality Aero Technology, Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 318 (E.D. N.C. 2002) ("there is no aspect of the Rules which either restricts a party to a single 30(b)(6) deposition or restricts the allotted time for taking a 30(b)(6) deposition"); *Sabre v. First Dominion Capital, LLC,* 2001 WL 1590544, * 1 (S.D.N.Y. 2001) (recognizing "[f]or purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition"); *Canal Barge Co. v. Commonwealth Edison Co.,* 2001 WL 817853, * 3-4 (N.D.Ill. 2001) (granting the deposing party three seven-hour days to depose the single 30(b)(6) witness designated by the opposing party).  Helio's contention that Palm is only permitted seven hours to depose all three of Helio's 30(b)(6) witnesses is wrong as a matter of law.

In addition to being in direct conflict with the discovery rules, Helio's conduct deprived Palm of its right to take two depositions during expedited discovery.  This Court ordered that both sides be permitted to take two depositions in advance of the preliminary injunction briefing and hearing.  This order anticipated that each side would be permitted up to fourteen hours of deposition time--seven hours per deposition.  Helio has already had the opportunity to take all of the depositions that it noticed, and at no time did Palm object to the more than 10 hours that Helio spent taking its deposition.  Helio did not provide Palm with any notice that it would only permit Ms. Weeks to testify in a 30(b)(6) capacity for an hour and a half.  Had Helio done so, Palm could have deposed Ms. Weeks in her individual capacity without exceeding the Court's two deposition limit, and at very minimum would have allowed the parties to meet and confer on the issue instead of flying to Los Angeles and wasting both parties' time, not to mention the Court's, when Helio found it appropriate to announce its position at 9:15 a.m. while at the deposition.

**B.   This Court Should Issue Sanctions for Helio's Discovery Misconduct.**

In addition to ordering Helio to immediately produce Ms. Weeks for the completion of her deposition, this Court should issue sanctions against Helio for its discovery misconduct.  Pursuant

to Rule 37(a)(4)(A), Palm is entitled to the expenses incurred in making this motion, including attorneys' fees associated with drafting this motion and appearing at the hearing on this motion. Fed. R. Civ. P. 37(a)(4)(A). This Court should also order that the completion of Ms. Weeks' deposition occur at Helio's expense, including attorney preparation time and travel time, in light of the fact that Palm will be required to have its counsel travel to Los Angeles and prepare for a deposition a second time to complete what could have been completed in one day and one trip. In the alternative, this Court should consider striking Ms. Weeks' declarations in support of Helio's application for a temporary restraining order and motion for preliminary injunction, rendering the remainder of the deposition unnecessary.

## IV.
## CONCLUSION

For the foregoing reasons, this Court should issue an order compelling Helio to immediately produce Jessica Weeks for the remainder of her deposition. The Court should further amend the current briefing schedule such that Palm's opposition to Helio's motion for a preliminary injunction is due on March 27, 2007, after the completion of Ms. Weeks' deposition. Finally, this Court should sanction Helio for its misconduct in connection with the deposition of Ms. Weeks.

DATED: March 9, 2007              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Brian Cannon
    Brian Cannon
    Attorneys for Defendant Palm, Inc.