1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Claude M. Stern (Bar No. 96737)
2    Brian Cannon (Bar No. 193071)
     Doug Colt (Bar No. 210915)
3    Andrea Pallios Roberts (Bar No. 228128)
        claudestern@quinnemanuel.com
4       briancannon@quinnemanuel.com
        dougcolt@quinnemanuel.com
5       andreaproberts@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
6  Redwood Shores, California  94065-2139
   Telephone:     (650) 801-5000
7  Facsimile:     (650) 801-5100

8  Attorneys for Defendant Palm, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13                                          | CASE NO. C 06 7754 SBA

14  HELIO LLC

15                Plaintiff,                   DECLARATION OF DOUG COLT IN
                                               SUPPORT OF DEFENDANT PALM,
16        vs.                                  INC.'S EMERGENCY MOTION TO
                                               COMPEL DEPOSITION AND FOR
17  PALM, INC.                                 SANCTIONS

18                Defendant.

19

20

21        I, Doug Colt, declare as follows:

22        1.      I am an attorney licensed to practice law in the State of California.  I am an

23  associate with the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel of record

24  for Defendant Palm, Inc. in this matter.  I make this declaration in support of Palm's Emergency

25  Motion to Compel Deposition and for Sanctions.  I have personal knowledge of the facts stated

26  herein and if called to testify could and would competently testify thereto.

27

28

51175/2074954.1

1  2.   On January 11, 2007, Palm served Helio with a Notice of Deposition pursuant to

2  Federal Rule of Civil Procedure Rule 30(b)6, and requested testimony on the topics Palm believed

3  were critical for the preliminary injunction hearing.

4  3.   In a telephone conversation on January 22, 2007, counsel for Helio stated that

5  Helio would present a total of three witnesses in response to the notice of deposition, but that

6  Helio was taking the position that Palm could spend only seven hours total among all three

7  witnesses.  I advised Helio's counsel that this position was unsupported by the federal rules, as

8  well as this Court's order permitting each side to take two depositions.

9  4.   At a minimum, this Court's ruling would have permitted each side to take two

10  separate depositions for a total of 14 hours under F.R.C.P. Rule 30(d)(2).  I communicated this

11  information to Helio's counsel and requested a stipulation that Palm be permitted a total of 10

12  hours to depose all three witnesses.  I viewed this as a very reasonable compromise, especially

13  given that Palm would be entitled to 14 hours of deposition by simply serving a second notice of

14  deposition.  Helio's counsel refused to provide this stipulation.

15  5.   During the first week of February 2007, I had several telephone conversations

16  regarding this issue with Helio's counsel, Kevin Trock.  Mr. Trock eventually stated that Helio

17  would permit Palm to depose Helio's 30(b)(6) witnesses for more than seven hours, provided that

18  Palm's questioning was "reasonable," in Mr. Trock's opinion.  I believed that Mr. Trock would act

19  in good faith based upon these representations.

20  6.   At no point after the two depositions which took place on February 7, 2007 did

21  Helio ever contact me or any of Palm's other counsel to advise that Helio would only permit Palm

22  to spend an additional 1.5 hours with the third remaining witness, Jessica Weeks, whom Palm

23  believes is the most important witness in this case.

24  7.   Ms. Weeks, one of Helio's senior marketing executives, is the sole Helio employee

25  to have submitted a declaration in this case, and virtually every aspect of Helio's claim is based

26  upon that declaration.

27

28

8.    On February 27, 2007, Mr. Trock wrote to me and advised that Helio needed to delay the Weeks deposition, then scheduled for March 2, 2007, until March 9, 2007. I agreed to this request and the deposition was re-scheduled for 9:00 a.m. on March 9, 2007.

9.    On March 8, 2007, I traveled to Los Angeles and stayed overnight in advance of the deposition scheduled for March 9.

10.    On the morning of March 9, 2007, after arriving at the deposition at 9:15 a.m., Mr. Trock announced that Ms. Weeks would only be presented for a total of 1.5 hours.

11.    I advised Mr. Trock that this position was outrageous, especially given the fact that Helio had over a month in between the Weeks deposition and the previous depositions to inform Palm that Helio was taking this position, that Helio had made no such effort to contact Palm when it would have been possible for the parties to meet and confer on the issue.

12.    Mr. Trock asked me to "show [him] the law." I responded by reading the Advisory Committee notes to the 1993 and 2000 Amendments to the Federal Rules into the record, including the following provisions:

> A deposition under Rule 30(b)6 should, for purposes of this limit [the 10 deposition limit under 30(2)(A)] be treated as a single deposition even though more than one person may be designated to testify. (1993 Advisory Committee Notes).

> Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition....For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition. (2000 Advisory Committee Notes).

13.    Despite the clear language of the rules, Mr. Trock refused to permit the deposition to proceed and at approximately noon, he and Ms. Weeks left the deposition.

14.    I requested that Mr. Trock remain so that the parties could attempt to contact the Court, but Mr. Trock refused.

15.    I expected to spend approximately 5-6 hours deposing Ms. Weeks, and as a result of the departure of the witness at noon, I was unable to complete many key aspects of the deposition and was unable to complete approximately 3/5 of the questions I had anticipated for

-3-

1  Ms. Weeks.  This remaining testimony is critical for Palm to oppose plaintiff's motion for a

2  preliminary injunction.

3        I declare under penalty of perjury under the laws of the United States that the foregoing is

4  true and correct.

5  DATED:  March 9, 2007                    /s/ Doug Colt

                                      Doug Colt

6

7  **ATTESTATION OF E-FILED SIGNATURE**

8

9        I, Andrea Pallios Roberts, attest that signatory Doug Colt has read and approved the

10  Declaration of Doug Colt in Support of Defendant Palm, Inc.'s Emergency Motion to Compel

11  Deposition and for Sanctions, and consents to its filing in this action.

12

13                      /s/ *Andrea Pallios Roberts*

                                      Andrea Pallios Roberts

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-