QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Brian Cannon (Bar No. 193071)
  Doug Colt (Bar No. 210915)
  Andrea Pallios Roberts (Bar No. 228128)
    claudestern@quinnemanuel.com
    briancannon@quinnemanuel.com
    dougcolt@quinnemanuel.com
    andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Defendant Palm, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HELIO LLC<br><br>           Plaintiff,<br><br>    vs.<br><br>PALM, INC.<br><br>           Defendant. | CASE NO. C 06 7754 SBA<br><br>**DECLARATION OF DOUG COLT IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Date:<br>Judge: |

I, Doug Colt, declare as follows:

1.  I am an attorney licensed to practice law in the State of California. I am an associate with the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel of record for defendant Palm, Inc. in this matter. I make this declaration in support of Palm's opposition to plaintiff's motion for a preliminary injunction. I have personal knowledge of the facts stated herein and if called to testify could and would competently testify thereto.

2.  Helio filed its complaint and application for a temporary restraining order on December 19, 2006. My office, outside counsel for Palm, did not receive a complete copy of

1  plaintiff's moving papers and declarations until approximately 5:00 p.m. that day. An opposition
2  was filed the next morning before 9:00 a.m.

3      3.    After the Court issued its order denying plaintiff's application for a temporary
4  restraining order, the parties engaged in limited, expedited discovery. Plaintiff noticed the
5  depositions of Scott Hancock and AKQA, the advertising agency that developed Palm's campaign,
6  served document requests on Palm, and subpoenaed documents from AKQA and Young &
7  Rubicon, Palm's current advertising agency. Palm noticed the deposition of Helio under Rule
8  30(b)(6), served document requests on plaintiff, and subpoenaed documents from Deutsch, Helio's
9  advertising agency.

10      4.    On February 2, 2007, plaintiff deposed AKQA, the advertising agency that
11  developed Palm's "Not Just a Cell Phone. A Treo." campaign. AKQA designated Julie Patterson
12  to testify on its behalf. The deposition was transcribed by a certified shorthand reporter. Attached
13  as Exhibit 1 is a true and correct copy of the deposition transcript.

14      5.    On February 27, 2007, plaintiff's counsel deposed Scott Hancock. The deposition
15  was transcribed by a certified shorthand reporter. Attached as Exhibit 2 is a true and correct copy
16  of the deposition transcript.

17      6.    Helio designated three witnesses to testify on its behalf: Michael Zemetra to testify
18  on the topic of "financial information," Jae Lee to testimony on the topic of "products," and
19  Jessica Weeks to testify on the topic of "marketing." On February 7, 2007, Palm deposed Michael
20  Zemetra and Jae Lee. The depositions were transcribed by a certified shorthand reporter.
21  Attached as Exhibits 3 and 4, respectively, are true and correct copies of the deposition transcripts.
22  The two depositions lasted for a total of five and a half hours.

23      7.    On March 9, 2007, Palm began the deposition of Jessica Weeks, Helio's Rule
24  30(b)(6) witness on the topic of marketing. The deposition was transcribed by a certified
25  shorthand reporter. Attached as Exhibit 5 is a true and correct copy of the deposition transcript.

26      8.    During the deposition of Ms. Weeks, plaintiff's counsel and the witness walked out
27  of the deposition after only one and a half hours of testimony. Plaintiff's counsel took the position
28  that Palm was only entitled to seven hours of deposition time for all three of Helio's Rule 30(b)(6)

1  designees. Palm filed an emergency motion for an expedited briefing and hearing schedule and
2  motion to compel deposition and for sanctions. Palm's motions are still pending.

3      9. On or about February 27, 2007, plaintiff served Palm with its privilege log in
4  connection with document production in this case. The privilege log contains an AC/WP
5  (attorney-client privilege/work product) entry dated November 18, 2006 called "Legal advice re:
6  Helio v. Palm litigation." The privilege log indicates that it is a ten page document authored by
7  Channel Osborne of Kirkpatrick & Lockhart Preston Gates & Ellis and sent to Jessica Weeks of
8  Helio and cc'ed to Kevin Trock, Harold Davis, Kathryn Wheble and Deborah Bailey-Wells, all of
9  Kirkpatrick & Lockhart Preston Gates & Ellis. Attached as Exhibit 6 is a true and correct copy of
10 the privilege log produced by plaintiff. This privilege log entry is inconsistent with the statement
11 Helio made in its application for a temporary restraining order that it first became aware of Palm's
12 campaign on December 12, 2006.

13     10. At plaintiff's request, Palm stipulated to extend the hearing date on plaintiff's
14 motion for a preliminary injunction beyond the original date set by the Court. Plaintiff's counsel
15 contacted me with this request.

16     11. Attached as Exhibit 7 is a true and correct copy of a document marked E-HEL
17 1039-1041, produced by Helio during discovery.

18     12. Attached as Exhibit 8 is a true and correct copy of a document marked E-HEL
19 1534, produced by Helio during discovery.

20     13. Attached as Exhibit 9 is a true and correct copy of Helio print advertisements,
21 produced by Helio during discovery.

22     14. Attached as Exhibit 10 is an image of one of Palm's "Not Just a Cell Phone. A
23 Treo." print advertisements and an image of one of Helio's "Don't Call it a Phone" print
24 advertisements. This exhibit was created by copying an advertisement produced by Palm during
25 discovery and an advertisement produced by Helio during discovery. Both are true and correct
26 copies of the advertisements produced during discovery.

27     15. Attached as Exhibit 11 is a true and correct copy of a document marked E-HEL
28 414-415, produced by Helio during discovery.

16. Attached as Exhibit 12 is a true and correct copy of a document marked E-HEL 14405, produced by Helio during discovery.

17. Attached as Exhibit 13 is a true and correct copy of a document marked E-HEL 18832, produced by Helio during discovery.

18. Attached as Exhibit 14 is a CD containing true and correct copies of radio ads produced during discovery.

19. Attached as Exhibit 15 is a true and correct copy of a document marked E-HEL 9306, produced by Helio during discovery.

20. Attached as Exhibit 16 is a true and correct copy of a document marked E-HEL 633, produced by Helio during discovery.

21. Attached as Exhibit 17 is a true and correct copy of a document marked E-HEL 114, produced by Helio during discovery.

22. Attached as Exhibit 18 is a true and correct copy of E-HEL 1-11, produced by Helio during discovery.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: March 20, 2007

Doug Colt