1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Claude M. Stern (Bar No. 96737)
2    Brian Cannon (Bar No. 193071)
     Doug Colt (Bar No. 210915)
3    Andrea Pallios Roberts (Bar No. 228128)
      claudestern@quinnemanuel.com
4     briancannon@quinnemanuel.com
      dougcolt@quinnemanuel.com
5     andreaproberts@quinnemanuel.com
    555 Twin Dolphin Drive, Suite 560
6   Redwood Shores, California 94065-2139
    Telephone:    (650) 801-5000
7   Facsimile:    (650) 801-5100

8   Attorneys for Defendant Palm, Inc.

9

10                      UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                           OAKLAND DIVISION

13                                              CASE NO. C 06 7754 SBA

14  HELIO LLC
                                                [PROPOSED] ORDER DENYING
15              Plaintiff,                       PLAINTIFF'S MOTION FOR A
                                                PRELIMINARY INJUNCTION
16       vs.

17  PALM, INC.

18              Defendant.

19

20       1.    On March 6, 2007, plaintiff Helio filed a motion for a preliminary injunction.  Its

21  motion was supported by the declarations of Harold Davis, Jr. and Kathryn Wheble, as well as the

22  exhibits thereto.

23       2.    On March 20, 2007, defendant Palm filed an opposition to plaintiff's motion.  Its

24  opposition was supported by the declarations of Doug Colt, Scott Hancock, Howard Marylander,

25  and Julie Patterson, as well as exhibits thereto.

26       3.    The Court heard oral argument on plaintiff's motion on April 10, 2007.

27

28

4. Having considered the papers and evidence in support of and in opposition to plaintiff's motion, the relevant authorities, and the respective arguments of counsel, the Court denies plaintiff's motion and now rules as follows:

5. In this action, Helio asserts ownership and use of the marks "Don't Call it a Phone" and "Don't Call Us a Phone Company."

6. Palm asserts that it makes and sells mobile communications devices including the Treos. Palm's advertising for the Treo 680 device includes use of the theme line "Not Just a Cell Phone. A Treo." Palm used this theme line in outdoor advertising, print advertising, and online advertising.

7. Pursuant to its motion, plaintiff seeks an order enjoining Palm from continuing to use the theme line "Not Just a Cell Phone. A Treo."

8. Palm asserts that its theme line is separate and apart from Helio's marks, that there is no threat of continuing harm because it no longer uses the "Not Just a Cell Phone. A Treo." theme line, that Helio's marks are, at most, descriptive, and that there is no likelihood of confusion.

9. An analysis of Helio's claim of trademark infringement requires analysis of the eight factors articulated in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979):

    a. The strength of the allegedly infringed mark;

    b. The similarity of goods and services;

    c. The similarity of marks;

    d. The similarity of marketing channels;

    e. Palm's intent on selecting its mark;

    f. Evidence of actual confusion;

    g. The degree of care likely to be exercised by consumers, and

    h. The degree of expansion into other markets.

10. Having analyzed these factors both individually and collectively, the Court concludes that, on balance, they weigh in favor of a finding of no likelihood of confusion.

11.    With regard to the strength of the allegedly infringed mark, the Court finds that plaintiff has not produced evidence of secondary meaning. The evidence presented by defendant convincingly shows that there is no secondary meaning.

12.    With regard to the similarity of goods and services, the Court finds that they are different. Plaintiff did not produce evidence to show similarity. The evidence presented by defendant shows that the functions available on plaintiff's devices are entertainment- and youth-oriented and are not available on the Treo 680. The evidence further establishes that plaintiff is a network service provider and defendant is not.

13.    With regard to similarity of marks, the Court finds that they are different. Plaintiff did not present evidence to show similarity. The evidence presented by defendant shows that the marks are different in sight, sound, and meaning.

14.    With regard to similarity of marketing channels, the Court finds that they are different. Plaintiff did not produce evidence to show similarity.

15.    With regard to defendant's intent on selecting its mark, the Court finds that plaintiff did not produce evidence sufficient to establish that defendant intentionally selected its mark due to its alleged similarity to plaintiff's marks. The evidence presented by defendant shows that defendant selected its mark independent of plaintiff.

16.    With regard to actual confusion, the Court finds that plaintiff did not produce any evidence of confusion. The evidence presented by defendant convincingly establishes that there is no actual confusion and no likelihood of confusion.

17.    With regard to the degree of care likely to be exercised by consumers, the Court finds that plaintiff did not produce evidence to show that consumers exercise a low degree of care. The evidence presented by defendant shows that cellular phone devices are expensive and plaintiff's market is tech-savvy, suggesting a high degree of care.

18.    The parties agreed that the degree of expansion in other markets is not relevant in this case.

19.    On balance, the above factors suggest that plaintiff is not likely to succeed on the merits of its trademark infringement claim.

1    20.    The Court additionally finds that plaintiff did not make a showing of a threat of

2    continuing harm.

3    21.    The Court finds that plaintiff did not demonstrate that it will suffer irreparable harm

4    if injunctive relief is not granted.

5    22.    The Court finds that plaintiff did not demonstrate that "serious questions" are raised

6    because plaintiff's claim of trademark infringement is not one as to which it has "a fair chance of

7    success on the merits."  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th

8    Cir. 1984).

9    23.    The Court finds that plaintiff did not demonstrate that the balance of hardships tips

10   in its favor.

11   24.    Having analyzed the above factors, the Court concludes that plaintiff has not met

12   its burden for receiving injunctive relief.  Plaintiff's motion for a preliminary injunction is

13   therefore denied.

14   So ordered.

15   Dated:  April ___, 2007

16                                                                  Saundra B. Armstrong
                                                                    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28