```
1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Claude M. Stern (Bar No. 96737)
2    Brian Cannon (Bar No. 193071)
     Doug Colt (Bar No. 210915)
3    Andrea Pallios Roberts (Bar No. 228128)
       claudestern@quinnemanuel.com
4      briancannon@quinnemanuel.com
       dougcolt@quinnemanuel.com
5      andreaproberts@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
6  Redwood Shores, California 94065-2139
   Telephone:    (650) 801-5000
7  Facsimile:    (650) 801-5100

8  Attorneys for Defendant Palm, Inc.
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| HELIO LLC<br><br>      Plaintiff,<br><br>vs.<br><br>PALM, INC.<br><br>      Defendant. | CASE NO. C 06 7754 SBA<br><br>**DECLARATION OF DOUG COLT IN SUPPORT OF PALM'S ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 79-5(B) TO FILE UNDER SEAL DOCUMENTS DESIGNATED ATTORNEYS' EYES ONLY** |

I, Doug Colt, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am an associate with the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel of record for defendant Palm, Inc. in this matter. I make this declaration in support of Palm's administrative motion pursuant to Local Rule 79-5(b) to file under seal documents designated attorneys' eyes only. I have personal knowledge of the facts stated herein and if called to testify could and would competently testify thereto.

2. The documents Palm asks to be filed under seal are Exhibits 1-5, 7-8, 11-13, 15-20, 22-28 to the Declaration of Doug Colt and Exhibit A to the Declaration of Scott Hancock, filed in support of Palm's opposition to plaintiff's motion for a preliminary injunction.

3. The documents at issue are: Exhibit 1 which is the transcript of the deposition of Julie Patterson; Exhibit 2 which the transcript of the deposition of Scott Hancock; Exhibit 3 which is the transcript of the deposition of Michael Zemetra; Exhibit 4 which is the transcript of the deposition of Jae Lee; Exhibit 5 which the transcript of the deposition of Jessica Weeks; Exhibit 7 which is document marked E-HEL 1039-1041, an internal Helio email regarding consumer perception of its "Don't Call it Phone" campaign; Exhibit 8 which is a document marked E-HEL 1534, an internal Helio email regarding consumer perception of its "Don't Call it Phone" campaign; Exhibit 11 which is a document marked E-HEL 414-415, a DJ script for Helio's "Don't Call it a Phone" campaign; Exhibit 12 which is a document marked E-HEL 14405, a script for a Helio radio advertisement; Exhibit 13 which is a document marked E-HEL 18832, a script for a Helio radio advertisement; Exhibit 15 which is a document marked E-HEL 9306, an internal Helio email regarding its "Don't Call it a Phone" campaign; Exhibit 16 which is a document marked E-HEL 633, a Helio marketing document; Exhibit 17 which is a document marked E-HEL 114, an internal Helio email regarding page views online; Exhibit 18 which is a document marked E-HEL 1-11, a Helio advertising document; Exhibit A to the Declaration of Scott Hancock which is a copy of mock-ups prepared by AKQA in January 2005 for Palm, bearing the theme line "Not a Cell Phone. A Treo."; and Exhibit A to the Declaration of Julie Patterson which is an AKQA creative brief.

4. The above items have been designated "Attorneys' Eyes Only" pursuant to the pending protective order.

5. Palm has not taken a position on whether the materials designated "Attorneys' Eyes Only" by Helio constitute "sensitive confidential technical information", but because they have been so designated, and for the purpose of submitting Palm's opposition to plaintiff's motion for a preliminary injunction, Palm agreed to file these documents under seal for the purpose of its opposition to plaintiff's motion only.

6. Accordingly, Exhibits 1-5, 7-8, 11-13, and 15-18 to the Declaration of Doug Colt, Exhibit A to the Declaration of Scott Hancock, and Exhibit A to the Declaration of Julie Patterson constitute "sealable" material within the meaning of Local Rule 79-5(b) at this time. Palm reserves the right to challenge this designation at a future time.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: March 20, 2007

By _____
Doug Colt