| | |
|---|---|
| 1 | Deborah Bailey-Wells    (114630, deborah.bailey-wells@klgates.com) |
| 2 | Kevin C. Trock          (161787, kevin.trock@klgates.com) |
|   | Harold H. Davis, Jr.    (235552, harold.davis@klgates.com) |
| 3 | KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP |
|   | 55 Second St., Suite 1700 |
| 4 | San Francisco, CA  94105 |
|   | Telephone   (415) 882-8200 |
| 5 | Fax:         (415) 882-8220 |
| 6 | |
|   | Attorneys for Plaintiff HELIO LLC |

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| HELIO, LLC, | Case No. C 06-7754 SBA |
|---|---|
| Plaintiff, | **PLAINTIFF HELIO, LLC'S MOTION TO DISMISS ACTION WITHOUT PREJUDICE AND MEMORANDUM IN SUPPORT OF MOTION** |
| vs. | |
| PALM INC. | Date Filed:  December 19, 2006 |
| Defendant. | |

PLAINTIFF HELIO'S MOTION TO DISMISS ACTION WITHOUT PREJUDICE
Case No. C 06-7754 SBA

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  **PLEASE TAKE NOTICE** that on May 1, 2007 at 1:00 PM or as soon thereafter as counsel may be heard, in the United State District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, Plaintiff Helio LLC ("Helio") will move to dismiss this action without prejudice.

Helio's motion is based on the grounds that (1) Defendant Palm Inc. ("Palm") is winding down its advertising campaign using the slogan "Not Just a Cell Phone"; and (2) Palm will not be prejudiced as a result of the dismissal.

This Motion is based on this Notice of Motion and Motion, the attached memorandum of points and authorities, the Proposed Order, and all pleadings, records and files in this action, and upon all other matters that may be presented at the hearing on this Application.

Dated: March 21, 2007

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

By: _____
Deborah Bailey-Wells
Kevin C. Trock
Harold H. Davis, Jr.

ATTORNEYS FOR PLAINTIFF
HELIO LLC

1

PLAINTIFF HELIO'S MOTION TO DISMISS ACTION WITHOUT PREJUDICE
Case No. C 06-7754 SBA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This is a trademark dispute in which Plaintiff Helio LLC ("Helio") alleges that Defendant Palm, Inc. ("Palm") infringes on Helio's DON'T CALL IT A PHONE trademark by using the confusingly similar slogan "Not Just a Cell Phone" in its current advertising campaign. Palm made representations to the Court at the December 21, 2006 hearing on Helio's motion for a temporary restraining order that Palm's outdoor advertising would cease on December 31, 2006 and that Palm's other advertising would terminate during the first few months of 2007. Based upon Helio's verification of this in the marketplace, Helio now moves to dismiss this action without prejudice in its entirety.

## II. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Palm began using the slogan "Not Just a Cell Phone" in its advertising campaign in December 2006. Shortly after discovering this use, Helio sought a temporary restraining order to prohibit Palm's use of the offending slogan in Palm's advertising campaign. Although this Court believed that the issue was "very close", it ultimately denied Helio's request for a TRO. The Court based its decision, in part, on Palm's representation that Palm's outdoor advertising would stop on December 31, 2006 and that Palm would soon discontinue its advertising campaign during the first few months of 2007.

Helio has now verified that Palm is indeed winding down its advertising campaign using the infringing slogan "Not Just a Cell Phone." Accordingly, Helio now seeks to dismiss this action, the primary basis of which was to enjoin Palm's use of the infringing slogan.

## III. ARGUMENT

After an answer has been filed, an "action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. Rule 41(a)(2). In ruling on whether to dismiss, the Court determines: (1) whether to allow dismissal at all; (2) whether the dismissal should be with or

without prejudice; and (3) what terms and conditions, if any, should be imposed. See *Spencer v. Moore Business Forms, Inc.*, 87 F.R.D 118, 119 (N.D. Cal. 1980).

### A. Dismissal Should Be Allowed Since Palm Will Not Suffer Legal Harm.

Whether to allow dismissal rests in the Court's sound discretion. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). The general rule is that "in most cases, dismissal should be granted unless the defendant will suffer some legal harm ... other than the mere prospect of a second lawsuit." *Spencer*, 87 F.R.D. at 119.

Palm will not suffer any legal harm as a result of Helio's dismissal. No counter-claims have been filed by Palm and Palm will not lose any substantive legal rights as a result of a dismissal without prejudice. Fed. R. Civ. P Rule 41(a)(2). As such, dismissal is appropriate.

### B. The Dismissal Should Be Without Prejudice To Helio's Right to Re-File This Suit if Palm Reinstitutes Its Infringing Campaign.

In deciding whether to allow dismissal without prejudice, the following factors are generally considered: (i) defendant's efforts and expenses incurred in preparation for trial; (ii) plaintiff's diligence in prosecuting the action; (iii) plaintiff's explanation of the need to dismiss; and (iv) the status of the litigation.

This case was filed only three months ago and a trial date has not been set. What little testimonial and document discovery that has been taken has focused on Helio's motion for preliminary injunction, the purpose of which is now obviated by this Motion. Helio has diligently pursued this matter since its inception and has not attempted to prolong this dispute unnecessarily. Helio's purpose in filing this action was to stop Palm from using the infringing slogan "Not Just a Cell Phone" in its advertising campaign. Palm has previously represented to the Court and Helio has now verified that Palm is indeed winding down its advertising campaign. As a result there is no substantive reason to continue this litigation. Helio has achieved its litigation objectives and no longer wishes to burden the resources of this Court or the parties with this action.

1 | Helio requests a dismissal without prejudice in the event that Palm seeks to resurrect
2 | its advertising campaign or begin using the infringing slogan again.

## IV. CONCLUSION

For the foregoing reasons, Helio respectfully requests this Court dismiss this entire matter without prejudice.

Dated: March 21, 2007

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

By: _____
Deborah Bailey-Wells
Kevin C. Trock
Harold H. Davis, Jr.

ATTORNEYS FOR PLAINTIFF
HELIO LLC