QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Brian Cannon (Bar No. 193071)
  Doug Colt (Bar No. 210915)
  Andrea Pallios Roberts (Bar No. 228128)
    claudestern@quinnemanuel.com
    briancannon@quinnemanuel.com
    dougcolt@quinnemanuel.com
    andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant Palm, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HELIO LLC<br><br>      Plaintiff,<br><br>vs.<br><br>PALM, INC.<br><br>      Defendant. | **CASE NO. C 06 7754 SBA**<br><br>**DEFENDANT PALM, INC.'S REQUEST FOR TERMS AND CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE** |

51175/2087854.4

-1-      Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE

Dockets.Justia.com

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF RELEVANT FACTS .............................................................................3

III. ARGUMENT .......................................................................................................................6

    A.    The Court Should First Rule on the Motion for a Preliminary Injunction. ...............6

    B.    This Court Should Not Permit Dismissal Without Prejudice Without Imposing Certain Conditions Upon Plaintiff. ........................................................7

    C.    In the Alternative, This Court Should Dismiss Plaintiff's Claims With Prejudice Because Plaintiff's Motion is an Attempt to Avoid an Adverse Ruling. ......................................................................................................................10

IV. CONCLUSION .................................................................................................................12

51175/2087854.4

-i-

Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE

# TABLE OF AUTHORITIES

**Page**

**Cases**

Cerciello v. Blackburn Truck Lines Holding Co. Inc.,
 917 F.2d 27 (9th Cir. 1990) ................................................................................... 8

Druid Hills Civic Assn' v. Federal Highway Administration,
 833 F.2d 1545 (11th Cir. 1987) ......................................................................... 6, 9

Froschl v. United Parcel Service,
 1998 U.S. Dist. LEXIS 4240 (N.D. Cal. 1998) ................................................ 9, 10

Gonzalez v. Tyrell,
 2006 U.S. Dist. LEXIS 40117 (W.D. Wash. 2006) ............................................... 9

Lepesh v. Barr,
 2001 U.S. Dist. LEXIS 10344 (D. Or. 2001) ........................................................ 8

Optistreams, Inc. v. Gahan,
 2006 WL. 829113 (E.D. Cal. 2006) ...................................................................... 8

Pacific Rivers Council v. Brown,
 2004 WL. 2091471 (D. Or. 2004) ......................................................................... 6

Piedmont Resolution, LLC v. Johnston, Rivlin & Foley,
 178 F.R.D. 328 (D.D.C. 1998) .............................................................................. 7

RMD Concessions, LLC v. Westfield Corp., Inc.,
 194 F.R.D. 241 (E.D. Va. 2000) ........................................................................ 7, 9

Rosen v. Trans Union Corp.,
 1999 WL. 1080639 (N.D. Cal. 1999) .................................................................... 7

In re Sizzler Restaurants International, Inc. v. Belair & Evans LLP,
 262 B.R. 811 (C.D. Cal. 2001) .............................................................................. 9

Stevedoring Services of America v. Armilla International B.V.,
 889 F.2d 919 (9th Cir. 1989) ................................................................................. 8

Terrovona v. Kincheloe,
 852 F.2d 424 (9th Cir. 1988) ............................................................................. 6, 9

Tibbetts v. Syntex Corp.,
 1991 U.S. Dist. LEXIS 13628 (N.D. Cal. 1991) ................................................... 9

Webb v. Altec Industries,
 1994 WL. 162815 (N.D. Ill. 1994) ............................................................... 7, 9, 10

Westlands Water District v. United States,
 100 F.3d 94 (9th Cir. 1996) ........................................................................... 7, 8, 9

51175/2087854.4

-ii-   Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE

Woodfin Suite Hotels, LLC v. City of Emeryville,
    2007 U.S. Dist. LEXIS 4467 (N.D. Cal. 2007) .................................................................. 7, 8

**Statutes**

Fed. R. Civ. P. 41(a)(2) ........................................................................................................... 7

51175/2087854.4

-iii-

Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE

## I.
## INTRODUCTION

This case should be dismissed as requested by Helio — but, in accordance with Rule 41(a), it should be dismissed with "terms and conditions" to remedy Helio's needless prolonging of this lawsuit and Helio's attempt to run away from overwhelming and uncontroverted evidence that there is no merit to plaintiff's claims. After losing the TRO in December 2006, Helio proceeded with its request for preliminary injunction, despite the lack of any survey evidence to support its claims. Not only does Helio not have a consumer survey, but discovery that Palm has taken has established that Helio itself knew that its marks were not strong and that Helio's conduct in seeking the TRO was not above board.

Helio's refusal to dismiss this case when it was clear that Helio had no reasonable expectation of success forced Palm to commission two consumer surveys by independent marketing experts in order to defend itself. Those surveys conclusively demonstrated — at a cost of approximately $80,000 — that Helio's slogans have no secondary meaning and that there is absolutely no evidence of likelihood of confusion. Helio failed to file a reply brief or submit any evidence to the contrary. Despite having had months to prepare, Helio has no consumer survey and no objective evidence of any likelihood of confusion, which is fatal to its trademark case. It should not have proceeded with this case if it did not believe in the strength of its position, and such tactics prejudice Palm unnecessarily.

Palm acknowledges the right of a plaintiff to dismiss a case without prejudice and without conditions under certain circumstances. But in light of the following factors, dismissal of *this* case without prejudice and without further conditions is improper:

- Helio never made contact with Palm prior to filing this litigation, and when seeking an emergency TRO, Helio misrepresented evidence to the Court, including the results of the study that allegedly established the strength of Helio's mark. Had Helio properly represented this evidence, it would have been clear to the Court that Helio's slogans lack secondary meaning and are unprotectable, descriptive marks.

51175/2087854.4

-1-   Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE

- At the TRO, Helio incorrectly informed the Court the date of Helio's first knowledge of Palm's campaign, which now appears to be more than three weeks earlier than Helio originally claimed.

- Helio failed to disclose to the Court its knowledge of slogans from ESPN Mobile and Verizon Wireless that Helio itself had concluded were not similar to its own slogan, yet Helio unjustifiably attempted to prevent Palm from using an even more dissimilar slogan.

- Since January, Helio had explicit knowledge that Palm's campaign would come to an end in early Spring 2007, yet dragged this litigation on for months, forcing Palm to expend hundreds of thousands of dollars of attorney and expert fees. The claim that Helio has now met its "litigation objective" is a ruse to cover up this delay.

Far from "meeting its litigation objectives," Helio's case has utterly collapsed. But instead of properly seeking to dismiss this case with prejudice after more than three months of litigation and full briefing on a motion for a preliminary injunction, Helio is trying to wash its hands of the adverse evidence in this case, avoid an unfavorable ruling on the motion for a preliminary injunction, and then obtain a second bite at the apple at Palm's expense. This type of gamesmanship should not be rewarded.

Helio claims that it filed its motion after learning that Palm's campaign was "winding down," but presented no evidence to support this supposed revelation. In actuality, Palm's campaign never changed course over the nearly four months in which this case has been pending, and Helio had explicit knowledge as early as January 2007 that Palm's campaign was scheduled to terminate in early Spring, 2007. Plaintiff nonetheless moved forward and filed its motion for a preliminary injunction.

Because the issues are fully briefed, Palm respectfully requests a ruling on the motion for a preliminary injunction, including a finding that (a) there is no consumer confusion between "Not Just a Cell Phone. A Treo." and plaintiff's "Don't call it a phone" and "Don't call us a phone

51175/2087854.4

-2-    Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE

company" slogans; (b) that plaintiff's "Don't call it a phone" and "Don't call us a phone company" marks do not have secondary meaning; and (c) that Helio has no likelihood of success on the merits of its trademark infringement claim.

In order to protect Palm from further vexatious litigation from Helio, Palm further requests the following conditions in connection with the dismissal of this case without prejudice:

1.  An order prohibiting Helio from challenging the conclusions of Palm's two surveys from this case in any future litigation, or, in the event Helio wishes to make such a challenge, the payment of Palm's fees and costs incurred in opposing plaintiff's motions for a TRO and preliminary injunction, and the fees associated with these surveys. Such fees would be paid retroactively if and when Helio mounted such a challenge.

2.  An order providing that any discovery that has been exchanged in this action can be used in any subsequent action between the parties.

Alternatively, should Helio be unwilling to accept these conditions, Palm respectfully requests that the Court dismiss plaintiff's claims with prejudice.

## II.
## STATEMENT OF RELEVANT FACTS

On or before November 18, 2006, plaintiff apparently learned of Palm's "Not Just a Cell Phone. A Treo." campaign (hereinafter "the Campaign"), as reflected in a November 18, 2006 privilege log entry entitled "Palm/Helio litigation." (Declaration of Doug Colt in Support of Palm's Opposition to Plaintiff's Motion for a Preliminary Injunction, docket no., 61, ¶ 9, Ex. 6.) Helio made no contact with Palm until December 19, 2006, when plaintiff filed and served an application for a temporary restraining order. (Declaration of Scott Hancock in Support of Palm's Opposition to Plaintiff's Motion for a Preliminary Injunction, docket no. 60, ¶ 8.) In its moving papers, Helio claimed that it first became aware of the Campaign on December 11, 2006, and that a brand equity study conducted by Helio established that 61% of consumers associated the marks "Don't call it a phone" and "Don't call us a phone company" with Helio; plaintiff relied upon this representation in arguing that its alleged marks were strong and entitled to protection. (Motion for a TRO, docket no. 3, at 17-19.)

With scarcely more than 12 hours to prepare its papers, Palm opposed plaintiff's application for a TRO, which was denied by the Court on December 21, 2006. Thereafter, in January 2007, the parties discussed the possibility of settlement and plaintiff requested information regarding Palm's planned end to the Campaign. In response, Palm informed plaintiff that all outdoor advertising was only scheduled to run through the end of December. Palm further informed plaintiff that its interactive kiosks were scheduled to run through January 2007 and only ten additional print advertisements were scheduled to run in the spring of 2007. Palm even provided plaintiff with the detail of which specific magazines were scheduled to run Palm advertisements and in which issues. **(**Roberts Decl., ¶ 2, Ex. A.**)**

On February 2, 2007, plaintiff deposed Julie Patterson, the Rule 30(b)(6) designee for Palm's advertising agency, AKQA. Ms. Patterson testified that AKQA purchased media for the Campaign through December, with the exception of a few outdoor placements which were scheduled to stay up through late January. She further testified that Palm's contract with Orbitz was scheduled to be completed by mid-February; and that there were only a handful of print advertisements scheduled to run in January publications, which hit the shelves in December. (Roberts Decl., ¶ 3, Ex. B - Patterson Depo., 104:5-106:18.) Plaintiff then deposed Palm's marketing director, Scott Hancock, on February 26, 2007, who testified that Palm's outdoor advertising was scheduled to run through December 31 and that as of October 2006, print and online advertisements were scheduled to run only through April 30, 2007. (*Id.*, ¶ 4, Ex. C - Hancock Depo., 102:18-104:6.)

Accordingly, as of February 2007, Helio had explicit notice from Palm's counsel and Palm's witnesses that the Campaign was coming to an end in April, yet plaintiff did not move to voluntarily dismiss its claims against Palm. Instead, plaintiff filed a motion for a preliminary injunction, again attempting to establish the strength of its marks by arguing that 61% of consumers associate "Don't call it a phone" and "Don't call us a phone company" with Helio. As discussed below, this representation is false. Further, Helio provided no evidence of actual

1  confusion, and failed to submit any survey evidence to support its claim of likelihood of
2  confusion.
3     After filing its motion for a preliminary injunction, Helio then took measures to prevent
4  Palm from confirming plaintiff's lack of evidence. On March 9, 2007, Palm attempted to take the
5  deposition of Jessica Weeks, Helio's Rule 30(b)(6) designee on marketing and the only Helio
6  employee to submit a declaration in this case. Helio had twice before canceled the deposition, and
7  upon arrival at the deposition in Los Angeles, Helio's counsel announced--for the very first time--
8  that Ms. Weeks would be presented for only 1.5 hours. Following extremely limited questioning,
9  counsel and the witness then walked out of the deposition at noon, foreclosing a full examination
10 of the witness upon whose declaration testimony Helio relied in its motions for injunctive relief.
11 That same day, Palm filed an emergency motion to compel Ms. Weeks' further deposition.
12 (Docket no. 48.)
13    In connection with the emergency motion to compel, Palm requested that Helio stipulate to
14 an expedited briefing schedule, but plaintiff refused. (Roberts Decl., Ex. D) Instead, Helio's
15 counsel offered to provide Palm with "more time" to oppose the motion for a preliminary
16 injunction. (*Id.*) By this time, however, Palm had already been forced to commission both
17 consumer surveys, had already flown to Los Angeles in an attempt to depose Helio's witnesses,
18 and had already completed the bulk of the work on opposition papers, which were due on March
19 20, 2007. Moreover, the Court had already twice extended the hearing date on plaintiff's motion.
20 In short, Palm saw no reason for further delay of this case, given that the bulk of expenditures had
21 already been made and that it was highly questionable whether this Court would delay the
22 preliminary injunction hearing for a third time.
23    On March 20, despite not having completed discovery, Palm filed its opposition to
24 plaintiff's motion. In its papers, Palm introduced two surveys establishing ***no consumer***
25 ***confusion*** between plaintiff's marks and the Campaign and ***no secondary meaning*** in plaintiff's
26 marks. Palm further demonstrated that Helio had misrepresented the strength of its marks by
27 twice arguing that 61% of consumers had associated its marks with Helio. In actuality, Helio's
28

brand equity survey revealed that when asked "Do you recall ever seeing or hearing any advertising featuring" "Don't call it a phone," only 29% of target consumers in target markets answered "yes." (Colt Decl. iso Opp. to Preliminary Inj., Ex. 5 - Weeks Depo., Ex. 1023, p. 26.) When *those* 29% were asked to which company the slogan related, 62% correctly associated the slogan with plaintiff. (*Id.*) Thus, in reality, **only 18% of those surveyed** correctly associated "Don't call it a phone" with Helio, **not** the 61% plaintiff claimed in its TRO and preliminary injunction papers. (*Id.*, 99:20-100:8.) As Helio is well aware, such a low figure does not establish secondary meaning. Palm's papers further established that Helio did not demonstrate a likelihood of success on the merits, made no showing of irreparable harm, made no showing of a threat of continuing harm, and did not demonstrate that the balance of hardships weighs in Helio's favor. (*See* Opposition to Motion for a Preliminary Injunction, docket no. 56.)

The following day, on March 21, Helio filed a motion to voluntarily dismiss its claims against Palm without prejudice, asserting that the case is now moot because it had "met its litigation objectives." (*See* Motion to Dismiss, docket no. 78.)

## III.
## ARGUMENT

A.   The Court Should First Rule on the Motion for a Preliminary Injunction.

At significant cost, plaintiff's motion for a preliminary injunction is now fully briefed and the issues should not be revisited. Palm therefore respectfully requests that before dismissing plaintiff's case, the Court make factual findings with respect to the merits of the motion, and enter a finding of no consumer confusion, no secondary meaning, and no likelihood of success on the merits. Palm presented conclusive evidence in support of each of these findings and plaintiff, having submitted no reply and no contradictory evidence, should not be permitted to escape what would surely be an adverse ruling by moving to dismiss its case without prejudice at the last possible moment. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429-30 (9th Cir. 1988) (denying motion to voluntarily dismiss filed three months after defendant filed summary judgment motion and after magistrate issued report and recommendation that state remedies were exhausted); *Pacific Rivers Council v. Brown*, 2004 WL 2091471 (D. Or. 2004) (suggesting conditioning

51175/2087854.4

-6-    Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE

dismissal on payment of fees is warranted if dismissal is because of fear of adverse ruling); *Druid Hills Civic Assn' v. Federal Highway Administration*, 833 F.2d 1545, 1549-50 (11th Cir. 1987); *RMD Concessions, LLC v. Westfield Corp., Inc.*, 194 F.R.D. 241, 243 n.6 (E.D. Va. 2000); *Webb v. Altec Industries*, 1994 WL 162815, *2 (N.D. Ill. 1994).

B. <u>This Court Should Not Permit Dismissal Without Prejudice Without Imposing Certain Conditions Upon Plaintiff.</u>

When a plaintiff seeks to dismiss an action without prejudice, the Court has the discretion to impose "such terms and conditions as it deems proper." Fed. R. Civ. P. 41(a)(2). It is well established that such conditions can include appropriate costs and attorneys fees incurred by the defendant. *Westlands Water District v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (remanding to the district court for a determination of whether costs and fees should be imposed and in what amount). As this Court previously noted, in appropriate circumstances, "doing so is commonplace and serves the purpose of protecting the defendant." *Woodfin Suite Hotels, LLC v. City of Emeryville*, 2007 U.S. Dist. LEXIS 4467, * 14-15 (N.D. Cal. 2007) (awarding the defendant the costs of preparing a summary judgment motion that would not have been necessary had the plaintiff agreed to a voluntary dismissal months earlier); *see also Rosen v. Trans Union Corp.*, 1999 WL 1080639 (N.D. Cal. 1999) (conditioning dismissal on payment of reasonable attorneys' fees); *Piedmont Resolution, LLC v. Johnston, Rivlin & Foley*, 178 F.R.D. 328 (D.D.C. 1998) (conditioning dismissal on payment of costs and fees for work that cannot be used in future action).

Under normal circumstances, such as when a plaintiff promptly seeks dismissal only a short time after filing and before substantial litigation has occurred, the imposition of conditions is typically improper. But in this case, Helio misrepresented its internal evidence in the TRO, obstructed Palm's efforts to obtain discovery, failed to develop any evidence such as a survey to support its claims, and then moved to dismiss only after forcing Palm to fully brief its opposition to plaintiff's motion for a preliminary injunction and concluding that it was certain to lose the motion. Based upon these circumstances, Helio should not be permitted to wash its hands of this

51175/2087854.4

-7-    Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE

litigation and be free to pursue a second bite at the apple.  Helio has no reasonable expectation of success in this litigation, and the conditions Palm seeks are narrowly tailored only to prevent further vexatious litigation.

Here, Palm does not seek the immediate payment of fees, but such payment only in the event that Helio attempts to challenge the conclusions of Palm's surveys from this case in future litigation.  This merely protects the evidence that Helio forced Palm to establish, and case law widely supports the imposition of fees when a plaintiff does not demonstrate "a realistic chance of prevailing." *See Stevedoring Services of America v. Armilla International B.V.*, 889 F.2d 919, 922 (9th Cir. 1989); *Optistreams, Inc. v. Gahan*, 2006 WL 829113 (E.D. Cal. 2006)(denying attorneys' fees where plaintiff had a "realistic chance of prevailing" on three of its five causes of action); *Cerciello v. Blackburn Truck Lines Holding Co. Inc.*, 917 F.2d 27 (9th Cir. 1990).

As discussed at length in Palm's opposition to plaintiff's motion for a preliminary injunction, Helio failed to establish a likelihood of success on the merits of its trademark infringement claim.  Rather, the evidence introduced by Palm establishes that Helio has very little chance of success.  Of the more than 800 consumers who were surveyed, ***not a single person*** associated Palm's products or advertisements with Helio, nor associated Helio's products or advertisements with Palm.  Palm's second survey further established that "Don't call it a phone" and "Don't call us a phone company" do not have secondary meaning, thus preventing Helio from pursuing any claim for trademark infringement.  The former had only a 13% consumer recognition rate and the latter had a 17% consumer recognition rate, which is consistent with the 18% figure from Helio's *own* brand equity survey.  Had Helio not misrepresented the results of that survey in its TRO papers (by claiming a 61% recognition rate), it would have been clear to the Court in December that Helio's marks had no secondary meaning and that Helio's claims were without merit.

An award here is particularly well-suited, as the costs and fees incurred by Palm in opposing Helio's motions for a TRO and preliminary injunction are sunk costs that cannot reasonably be carried over into future litigation.  *Westlands Water District*, 100 F.3d at 97; *Lepesh*

51175/2087854.4

-8-   Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE

*v. Barr*, 2001 U.S. Dist. LEXIS 10344, *12 (D. Or. 2001)(awarding costs used to produce work product rendered useless by the dismissal of the claims).  Moreover, with respect to the work associated with Palm's opposition to plaintiff's motion for a preliminary injunction, this work would not have been necessary had plaintiff agreed to a voluntary dismissal weeks ago, for example, after Mr. Hancock's deposition in February.  *Woodfin*, 2007 U.S. Dist. LEXIS 4467 at *15.

      Plaintiff may argue that it should not have to pay the costs and fees associated with Palm's opposition to plaintiff's motion for a preliminary injunction because plaintiff offered to "give Palm more time" to file its opposition.  This, however, was a meaningless offer.  Helio had kept the threat of the PI hanging over Palm, and Palm had no choice but defend itself.  By the time Helio made its offer on March 9, 2007, Palm had already been forced to commission both consumer surveys, had already flown to Los Angeles in an attempt to depose Helio's witnesses, and had already completed much of the work on opposition papers, which were due on March 20, 2007.  In addition, the Court had already twice delayed the preliminary injunction hearing and there was no guarantee that the Court would do so again.  In short, Helio's prolonged maintenance of this action and noticed PI motion forced Palm to needlessly expend hundreds of thousands of dollars in attorney and expert fees.

      Under these circumstances, Palm is entitled to an immediate award of fees, but is only requesting an order prohibiting Helio from challenging the conclusions of Palm's surveys in any future litigation.  If Helio *does* choose to challenge those conclusions in the future, the work conducted by Palm in this litigation would represent a sunk cost, thus entitling Palm to the retroactive payment of fees and costs to be determined at the time of the challenge.

      Finally, to minimize the cost of future litigation between the parties, Palm requests that the Court further order that any discovery already exchanged can be utilized in any subsequent lawsuit.  *Gonzalez v. Tyrell*, 2006 U.S. Dist. LEXIS 40117, *14 (W.D. Wash. 2006)(conditioning dismissal on agreement that discovery already produced and depositions already taken can be used in any subsequent lawsuit).

51175/2087854.4

-9-    Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE

1  C.  <u>In the Alternative, This Court Should Dismiss Plaintiff's Claims With Prejudice Because Plaintiff's Motion is an Attempt to Avoid an Adverse Ruling.</u>

Palm concedes that an order of dismissal with prejudice is one of substantial consequence that is rarely granted. But here, plaintiff's delays and lack of good-faith in prolonging this case justify such a remedy, should the Court decide not to impose the requested conditions on plaintiff's dismissal. Dismissal of this case without conditions would result in Palm suffering "plain legal prejudice." *Westlands Water Dist.*, 100 F.3d at 96 (when ruling on a motion to dismiss without prejudice, the court must determine whether the defendant will suffer some "plain legal prejudice" as a result of the dismissal). "Plain legal prejudice" is "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 97. "An attempt to avoid an adverse decision on the merits may constitute legal prejudice." *In re Sizzler Restaurants International, Inc. v. Belair & Evans LLP*, 262 B.R. 811, 823 (C.D. Cal. 2001); *Terrovona*, 852 F.2d at 429-30; *Druid Hills Civic Ass'n*, 833 F.2d at 1549-50; *RMD Concessions, LLC v. Westfield Corp., Inc.*, 194 F.R.D. at 243 n.6 ("'A dismissal to avoid the effect of ... unfavorable, but not necessarily dispositive, rulings by the court may constitute legal prejudice'"); *Webb*, 1994 WL 162815 at *2 ("Legal harm comes to the defendant because it loses the beneficial effect of the court's ruling on a meritorious motion by defendants regarding experts and discovery"). A pending summary judgment motion, coupled with the defendant's loss of a legal argument warrants denial of a motion to dismiss without prejudice. *Tibbetts v. Syntex Corp.*, 1991 U.S. Dist. LEXIS 13628, *4 (N.D. Cal. 1991). Indeed, in *Froschl v. United Parcel Service*, 1998 U.S. Dist. LEXIS 4240 (N.D. Cal. 1998), the court denied a motion to dismiss without prejudice on the ground that the defendants would be significantly prejudiced by dismissal because they had fully briefed the issues in their own motions to dismiss, or in the alternative motion for summary judgment. *Id.* at *2-3. The court explained: "[t]o permit plaintiff simply to refile her case . . . after the issue was already fully litigated in the present action would unfairly prejudice defendants." *Id.* at *3.

Here, Palm will suffer "plain legal prejudice" if plaintiff's case is dismissed without prejudice. The issues have been fully litigated in connection with plaintiff's motion for a

51175/2087854.4

-10-    Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE

preliminary injunction, wherein Palm established--at great expense-- that there is **no consumer confusion** between the Campaign and plaintiff's marks and that plaintiff's marks have **no secondary meaning**. Depriving Palm of the Court's ruling on plaintiff's motion for a preliminary injunction would result in legal harm. *Froschl*, 1998 U.S. Dist. LEXIS 4240 at *3; *Webb*, 1994 WL 162815 at *2.

      Moreover, plaintiff's motion to dismiss is solely an attempt to avoid an order denying its motion for a preliminary injunction. That the case is allegedly now moot is a complete ruse. Plaintiff's request for injunctive relief has been moot for months because there was never a threat of continuing harm. Plaintiff was made aware of this in January 2007, and twice more in February 2007. If plaintiff truly only needed to confirm the length of the Campaign, it would have filed its three-and-a-half page motion to dismiss on February 27, the day after Mr. Hancock's deposition. Plaintiff did not , and instead strung Palm along and filed a motion for a preliminary injunction, requiring Palm to prepare and file an opposition. Helio did not identify any new revelation with regard to the length of the Campaign in the past few weeks and the timing of the motion makes clear that Helio's motion to dismiss is nothing but an attempt to dodge an unfavorable ruling from the Court after seeing Palm's opposition papers.

      Finally, dismissal without prejudice will cause Palm "plain legal prejudice" because it will deprive Palm of a legal argument, or, at the very least, weaken one. Palm asserted the affirmative defense that if Helio's marks are descriptive marks, they do not have secondary meaning. (Docket no. 21.) Palm supported this defense with unrefuted survey evidence that consumers do not associate "Don't call it a phone" and "Don't call us a phone company" with Helio. Palm further discredited the only evidence plaintiff has of secondary meaning -- Helio's brand equity survey-- the results of which plaintiff grossly misrepresented throughout this litigation. In future litigation, Palm's survey will, of course, have probative value because it was conducted at the time of the alleged infringement, but Helio will have the opportunity for a "do-over" to try to present reliable survey evidence of its own to support a finding of secondary meaning. A survey conducted sometime in the future, after Helio has continued to run its campaign, could result in a higher

51175/2087854.4

-11-    Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE

percentage of consumers associating "Don't call it a phone" and "Don't call us a phone company" with Helio. Palm will be deprived of an "apples to apples" comparison of surveys conducted during the same time period, which will affect its argument that Helio's marks do not have secondary meaning. Deprivation of this argument, combined with the fact that the issues have been fully briefed and that Helio's motion is nothing but an attempt to avoid an adverse ruling, constitutes "plain legal prejudice." The Court should accordingly dismiss plaintiff's claims with prejudice in the event Helio is unwilling to accept dismissal without prejudice with the imposition of the conditions discussed above.

## IV.
## CONCLUSION

For the foregoing reasons, Palm respectfully requests that the Court first rule on plaintiff's motion for a preliminary injunction and enter findings that (a) there is no consumer confusion between "Not Just a Cell Phone. A Treo." and plaintiff's "Don't call it a phone" and "Don't call us a phone company" slogans; (b) that plaintiff's "Don't call it a phone" and "Don't call us a phone company" marks do not have secondary meaning; and (c) that Helio has no likelihood of success on the merits of its trademark infringement claim.

With respect to the motion to dismiss without prejudice, Palm respectfully requests that the Court enter an order prohibiting Helio from challenging the conclusions of Palm's surveys in any future litigation, or, in the event Helio wishes to make such a challenge, the payment of Palm's fees and costs incurred in opposing plaintiff's motions for a TRO and preliminary injunction, and the fees associated with these surveys. Such fees would be paid retroactively if and when Helio mounted such a challenge. Palm further requests an order providing that any discovery that has been exchanged in this action can be used in any subsequent action between the parties.

Alternatively, should Helio be unwilling to accept these conditions, Palm respectfully requests that the Court dismiss plaintiff's claims with prejudice.

51175/2087854.4

-12-    Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE

| | |
|---|---|
| DATED: March 29, 2007 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| | By /s/ Brian M. Cannon |
| | Brian M. Cannon |
| | Attorneys for Defendant Palm, Inc. |

51175/2087854.4

-13-

Case No. C 06 7754 SBA

REQUEST FOR CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE