QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Brian Cannon (Bar No. 193071)
  Doug Colt (Bar No. 210915)
  Andrea Pallios Roberts (Bar No. 228128)
    claudestern@quinnemanuel.com
    briancannon@quinnemanuel.com
    dougcolt@quinnemanuel.com
    andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Defendant Palm, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

HELIO LLC

         Plaintiff,

    vs.

PALM, INC.

         Defendant.

**CASE NO. C 06 7754 SBA**

**[PROPOSED] ORDER GRANTING DEFENDANT'S REQUEST FOR TERMS AND CONDITIONS IN CONNECTION WITH DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, REQUEST FOR DISMISSAL WITH PREJUDICE**

1.   On March 21, 2007, plaintiff Helio filed a motion to voluntarily dismiss its claims with prejudice.

2.   On March 29, 2007, defendant Palm filed a request for terms and conditions in connection with dismissal without prejudice or, in the alternative, request for dismissal with prejudice.

3.   The Court heard oral argument on plaintiff's motion on April 10, 2007.

4.   Having considered the papers and evidence in support of and in opposition to plaintiff's motion, the papers and evidence in support of and in opposition to plaintiff's motion for

a preliminary injunction, the relevant authorities, and the respective arguments of counsel, the Court denies plaintiff's motion and now rules as follows:

    5.    There is no evidence that plaintiff's "Don't call it a phone" and "Don't call us a phone company" marks have secondary meaning. The Declaration of Howard Marylander (docket no. 57) submitted by defendant convincingly demonstrates that there is no secondary meaning.

    6.    There is no evidence of confusion between plaintiff's marks and defendant's "Not Just a Cell Phone. A Treo." theme line. The Declaration of Howard Marylander (docket no. 58) submitted by defendant convincingly establishes that there is no actual confusion and no likelihood of confusion.

    7.    Plaintiff does not have a likelihood of success on the merits of its trademark infringement claim. An analysis of Helio's claim of trademark infringement requires analysis of the eight factors articulated in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979):

    a.    The strength of the allegedly infringed mark;
    b.    The similarity of goods and services;
    c.    The similarity of marks;
    d.    The similarity of marketing channels;
    e.    Palm's intent on selecting its mark;
    f.    Evidence of actual confusion;
    g.    The degree of care likely to be exercised by consumers, and
    h.    The degree of expansion into other markets.

    8.    Having analyzed these factors both individually and collectively, the Court concludes that, on balance, they weigh in favor of a finding of no likelihood of confusion.

    9.    With regard to the strength of the allegedly infringed mark, the Court finds that plaintiff has not produced evidence of secondary meaning. The evidence presented by defendant convincingly demonstrates that there is no secondary meaning.

    10.    With regard to the similarity of goods and services, the Court finds that they are different. Plaintiff did not produce evidence to demonstrate similarity. The evidence presented by

defendant demonstrates that the functions available on plaintiff's devices are entertainment- and youth-oriented and are not available on the Treo 680. The evidence further establishes that plaintiff is a network service provider and defendant is not.

11. With regard to similarity of marks, the Court finds that they are different. Plaintiff did not present evidence to demonstrate similarity. The evidence presented by defendant demonstrates that the marks are different in sight, sound, and meaning.

12. With regard to similarity of marketing channels, the Court finds that they are different. Plaintiff did not produce evidence to demonstrate similarity.

13. With regard to defendant's intent on selecting its mark, the Court finds that plaintiff did not produce evidence sufficient to establish that defendant intentionally selected its mark due to its alleged similarity to plaintiff's marks. The evidence presented by defendant demonstrates that defendant selected its mark independent of plaintiff.

14. With regard to actual confusion, the Court finds that plaintiff did not produce any evidence of confusion. The evidence presented by defendant convincingly establishes that there is no actual confusion and no likelihood of confusion.

15. With regard to the degree of care likely to be exercised by consumers, the Court finds that plaintiff did not produce evidence to demonstrate that consumers exercise a low degree of care. The evidence presented by defendant demonstrates that cellular phone devices are expensive and plaintiff's market is tech-savvy, suggesting a high degree of care.

16. The parties agreed that the degree of expansion in other markets is not relevant in this case.

17. On balance, the above factors suggest that plaintiff is not likely to succeed on the merits of its trademark infringement claim.

18. Plaintiff's voluntary dismissal without prejudice shall not be granted unless plaintiff agrees to the condition that if plaintiff chooses to challenge the conclusions in the two consumer surveys conducted by Howard Marylander (docket nos. 57 and 58) in future litigation, defendant will be entitled to retroactive payment of fees and costs at the time of the challenge. Otherwise, the opinions expressed in both declarations shall be conclusively established.

51175/2074603.1                                    -3-                           Case No. C 06 7754 SBA
                                                                                 [PROPOSED] ORDER

1     19.    Plaintiff did not demonstrate a "realistic chance of prevailing" on its trademark infringement claim, and the award of fees and costs to defendant is appropriate.

    20.    The costs and fees associated with defendant's oppositions to plaintiff's application for a temporary restraining order and motion for a preliminary injunction are sunk costs because they cannot easily be carried over into future litigation.

    21.    Plaintiff's voluntary dismissal without prejudice also shall not be granted unless plaintiff agrees to the condition that any discovery already exchanged can be utilized in any subsequent lawsuit.

    22.    In the alternative, should plaintiff not agree to the two conditions imposed by this Court, plaintiff's case shall be dismissed with prejudice.

    23.    Dismissal of this case without conditions would result in defendant suffering "plain legal prejudice."

    24.    The issues have been fully litigated in connection with plaintiff's motion for a preliminary injunction and depriving defendant of the Court's ruling on plaintiff's motion would result in legal harm.

    25.    Having analyzed the above factors, the Court concludes that plaintiff's voluntarily dismissal without prejudice shall be conditioned upon payment of defendant's costs and fees, if in the future plaintiff challenges the findings of defendant's surveys, and that any discovery already exchanged can be utilized in any subsequent lawsuit. If plaintiff does not agree to such conditions, plaintiff's case is dismissed with prejudice.

So ordered.

Dated: April ___, 2007

                                                            Saundra B. Armstrong
United States District Judge