1  Deborah Bailey-Wells    (114630, deborah.bailey-wells@klgates.com)
2  Kevin C. Trock          (161787, kevin.trock@klgates.com)
   Harold H. Davis, Jr.    (235552, harold.davis@klgates.com)
3  KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
   55 Second St., Suite 1700
4  San Francisco, CA  94105
   Telephone   (415) 882-8200
5  Fax:        (415) 882-8220

6  Attorneys for Plaintiff HELIO LLC

7
8              UNITED STATES DISTRICT COURT FOR THE
9                NORTHERN DISTRICT OF CALIFORNIA
10                     OAKLAND DIVISION
11
12  HELIO, LLC,                          Case No. C 06-7754 SBA
13            Plaintiff,                 **PLAINTIFF HELIO LLC'S REPLY BRIEF
                                         IN SUPPORT OF MOTION TO DISMISS
14       vs.                             WITHOUT PREJUDICE**
15
16  PALM INC.                            Judge:  Hon. Saundra B. Armstrong
                                         Date:   April 10, 2007
17                                       Time:   1:00 PM
            Defendant.
18
19
20
21
22
23
24
25
26
27
28

## I. Overview

This case is over. Helio has asked the Court to dismiss the action and it is withdrawing its motion for preliminary injunction because Palm has stopped using the infringing "Not Just a Cell Phone" slogan in its advertising. Palm does not dispute this, or that this case should be "dismissed as requested by Helio." Palm's Opposition to Helio's to Motion to Dismiss ("Opp.") at 1:3 and 4:16-20. Despite this, however, Palm asks this Court to extend the litigation and waste judicial resources in an unfair attempt to punish Helio. Helio merely wishes to terminate this suit without further litigation expenses. So long as Palm's representations are true, Helio does not intend to re-file this case. Thus, there is no need to attach any additional "conditions" to the dismissal of this case or to prohibit Helio from reinstating this case should Palm begin using the infringing slogan again.

This Court should not spend time or resources entertaining Palm's overreaching requests. Rather, this case should be dismissed without and without the conditions sought by Palm.

## II. FACTUAL BACKGROUND

### A. Helio Moved To Dismiss Because Palm Refused To Stipulate to a Voluntary Dismissal

Since the hearing on the Temporary Restraining Order, Helio has sought to resolve this matter while still complying with the Court's expedited discovery schedule. Because the parties had not yet resolved the case and were still in settlement discussions, Helio filed its preliminary injunction motion to comply with the Court ordered deadline. Helio then offered Palm additional time to file its opposition to the preliminary injunction motion so that the parties could discuss settlement further. Palm refused. Opp. at 5:14-15 ("Helio's counsel offered to provide Palm with 'more time' to oppose the motion...."). Helio attempted to avoid additional costs by offering to dismiss the case without prejudice in exchange for an agreement by Palm not to use the "Not Just a Cell Phone" slogan. Accordingly, Palm only has itself to blame for the expenses it now asserts to have expended in preparing its

Opposition to the preliminary injunction motion.

B.   **Palm's False and Misleading Factual Statements**

   1.   Helio had no knowledge of this lawsuit until December 12, 2006

Palm asserts that Helio first knew of Palm's campaign "three weeks earlier than Helio originally claimed." Opp. at 2, 3:16-19. This is a wholly deceptive statement and factually incorrect. Palm's assertion is based on a typographical error on a privilege log sent to Palm's counsel. In that privilege log, there is an entry that bears an erroneous date of "11/18/2006". Davis Decl. ¶¶ 4-5. The actual date of the document is **December 18, 2006**. Id. (see exhibit A to Davis Decl.) (redacted e-mail).

Instead of seeking to clarify this point, Palm rushed to make unsupported accusations regarding Helio's knowledge of Palm's campaign. Palm could have asked Helio's 30(b)(6) representatives as to its first knowledge of Palm's infringing campaign, but it chose not to. Palm could have contacted Helio's counsel to clarify the date of this document, but it chose not to. Palm could have filed a motion in an effort to have this document disclosed, but it chose not to. Instead, Palm preferred to make uncorroborated allegations about Helio's alleged knowledge of Palm's advertising campaign. This type of unsubstantiated allegation should not be condoned by the Court.

The undisputed truth is that Helio did not learn of Palm's infringing advertising campaign until December 12, 2006 when Helio saw a popular industry magazine report on Palm's "just launched" campaign. See Weeks Declaration in Support of Motion for Temporary Restraining Order, ¶ 22 [Docket No. 6]. There is no credible evidence to the contrary.

   2.   Helio has made no misrepresentations about the evidence

Palm also improperly asserts that Helio "misrepresented to the Court" the results of Helio's Brand Equity study. Not surprisingly, Palm has no support for this inflammatory accusation. Palm was given a copy of the study and it is accurately reflected in all the evidence presented to the Court. Simply because Palm has hired an expert that disagrees

2

with the interpretation of the study commissioned by Helio does not mean that Helio "misrepresented" anything to the Court. Instead, Palm disputes Helio's interpretation of that study and argues that Helio "misrepresented" the evidence because Palm's interpretation of the study is different. Palm's position is provocative to say the least.

According to the study, of those who had ever seen or heard Helio's advertisement "Don't Call it a Phone", 62% correctly associated it with plaintiff. Ex. 5 to Colt Decl. Even Palm does not dispute that claim. Opp. at 6:4. Palm now asserts, however, that "only 18% of those surveyed [in total, including those who had never seen the mark before] correctly associated 'Don't call it a phone' with Helio." Id. This argument is pure sophism. Of course those who had never seen Helio's advertisement would not associate an advertisement they had never seen or heard with Helio. Helio's interpretation of the study reflects reality and certainly does not amount to a "misrepresentation." Palm's interpretation is pure inflammatory argument.

3. **Helio had no reason to inform this Court of words used in advertising that were not at issue in this litigation**

Palm also castigates Helio for not advising the Court that there were other companies, not parties to this lawsuit, who had previously used words in the text of an advertisement (as opposed to a trademark or slogan use) that Palm believes are similar to Helio's protected slogan. Why Helio should burden this Court with wholly irrelevant and immaterial information about defunct companies' prior advertising is beyond Helio's grasp. Palm's suggestion, if taken to its logical extreme, would require every Plaintiff in every case to mention and discuss every possible use of words in advertising that existed in the world, at any time, whether or not it had any factual or legal import on the matters at issue before this Court. Palm's suggestion to overburden the Court with wholly irrelevant and immaterial information should be summarily discounted. The use cited by Palm is of no moment and has no legal significance.

4. **When Helio filed this lawsuit, it was not aware that Palm would end its infringing advertising campaign in 2007**

Palm asserts that "Helio had explicit knowledge that Palm's campaign would come to an end in early Spring 2007." Opp. at 2. That statement contradicts even Palm's own prior judicial admissions that the campaign would stop on December 31, 2006. Transcript of TRO hearing ("Tr.") (91:3-8) ("We have **no intention of continuing this passed [sic] December 31st.**") (attached as Ex. 1 to Davis Decl. in support of Preliminary Injunction)[Docket No. 35]; (Tr. 104:15-15) ("This campaign ends December 31st."), Hancock Decl. in Opp. to TRO ¶¶ 8, 10 [Docket No. 10]. In fact, if there has been any misrepresentation to the Court, it is by Palm's counsel who unequivocally stated at the Temporary Restraining Order hearing that "I think the other **key issue** is the outdoor ads end **December 31st. This ends December 31st**. (Tr. 89:21-24). Indeed, the Palm advertising campaign did not end on December 31.

After conducting discovery, Helio learned that Palm's outdoor advertising would be replaced when other advertisers purchased the space and that Palm's other advertising would run out in the first few months of 2007. At that point, rather than continue this lawsuit over an injunction for what amounted to a month of residual advertising, Helio decided to dismiss this case and save the Court and the parties additional time and litigation expenses. Helio believed that it had effectively achieved its litigation goal of stopping Palm's use of the infringing slogan.

Helio has decided to dismiss this case because Palm has repeatedly represented that it will no longer use the "Not Just a Cell Phone" slogan. Helio chose not to file a reply to Palm's opposition to the Preliminary Injunction motion because the motion was moot in light of Helio's motion to dismiss – not because it agreed with Palm's position. In fact, Helio still believes that it would likely prevail on its trademark infringement claims. But now that Helio has achieved its litigation objective – stopping Palm's infringing advertising campaign – Helio has nothing left to achieve with this litigation.

### III.   Argument

**A.   The Court Should Dismiss the Case Without Wasting Resources To First Decide the Now Moot Preliminary Injunction Motion**

Now that both parties have agreed that this case should be dismissed, Helio's Motion for Preliminary Junction is moot. And if it is not moot, then Helio withdraws the motion. The Court should not waste its valuable time or resources considering a motion that is of no moment now that Helio has decided to dismiss this case and Palm agrees it should be dismissed. See Wolfe v. Cogbill, C 04-1808, 2004 U.S. Dist. LEXIS 25200, *3-5 (N.D. Cal. Dec. 6, 2004) (J. Chesney) (refusing Defendants request to consider motion for summary judgment even though it was filed before Rule 41(a) motion because motion was moot); Sintek v. Prudential Ins. Co. of Am., 1998 U.S. App. LEXIS 29039, * (9th Cir. Nov. 13, 1998) (affirming district court's decision to dismiss without prejudice without reviewing Defendants' pending motions to compel arbitration and motion to join indispensable parties because Defendants' motions became moot upon filing of motion to dismiss).

None of the cases cited by Helio come close to supporting its position that the Court should waste valuable judicial resources deciding a moot motion. See Terrovona v. Kincheloe, 852 F.2d 424, 429-30 (9th Cir. 1988) (denying motion to dismiss a habeas petition because Rule 41(a) motion was filed **three months after motion for summary judgment filed**); Druid Hills Civic Ass'n v. Federal Highway Admin., 833 F.2d 1545, 1550 (11th Cir. 1987) (affirming denial of Rule 41(a) motion because Defendant would be deprived of new proceedings on remand); Webb v. Altec Indus., No. 93 C 5288, 1994 WL 162815, *2 (N.D. Ill. April 25, 1994) (denying Rule 41(a) motion filed after close of discovery because motion to dismiss was an attempt by plaintiff to "end run" discovery cut-off so that it could name three additional experts)

In fact some of the cases Palm cited actually **support** Helio's position that this case should be dismissed unconditionally without prejudice. See Pacific Rivers Council v. Brown, CV 02-243 BR, 2004 WL 2091471 (D. Or. Sept. 17, 2004) (dismissing without prejudice and **refusing** to issue an award of costs and fees); RMD Concessions v. Westfield Corp, 194 F.R.D. 241, 243 (E.D. Va. 2000) (granting motion to dismiss without prejudice and imposing sole condition that plaintiff re-file complaint in a Virginia court so as to avoid "forum

5
HELIO'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS WITHOUT PREJUDICE
Case No. C 06-7754 SBA

shopping").

**B.     The Court Should Dismiss This Case Without Prejudice and Without Conditions**

 1. Dismissal Without Prejudice is Appropriate Because Palm has not suffered legal prejudice

Voluntary dismissal under Fed. R. Civ. P. 41(a)(2) is favored, and a plaintiff's motion to dismiss pursuant to that rule "should not be denied absent **substantial prejudice** to the defendant." S.A. Andes v. Versant Corp., 788 F.2d 1033, 1036 (5th Cir. 1986) (emphasis added); Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987)("The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced."). The Court should "impose only those conditions [that] actually will alleviate harm to the defendants." American Nat'l Bank and Trust Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991).

Defendants are only entitled to protection from legal prejudice, not from mere inconvenience or tactical disadvantage. Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982); Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001); Davis, 819 F.2d at 1274-75. Expense incurred in defending an action does not amount to substantial legal prejudice. Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996); Hamilton, 679 F.2d 143, 145. Further, "[i]t is no bar to dismissal that [the movant] may obtain some tactical advantage thereby." Durham v. Florida E. Coast Ry. Co., 385 F.2d 356, 368 (5th Cir. 1967). Importantly, prejudice does not result "when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." Hamilton v. Firestone Tire & Rubber Co., 679 F.2d at 145; Wiesen v. Astrazeneca Pharm., L.P., 2006 WL 2529472 (N.D. Cal., Aug. 31, 2006).

In Palm's own cited case, Westlands, 100 F.3d 94, the Ninth Circuit ruled that the District Court **abused its discretion in denying Plaintiff's motion to dismiss without prejudice** because it used inappropriate factors to support its denial. Namely, the Ninth Circuit ruled that "uncertainty [that] would remain if the case were not litigated and the

parties' contentions resolved; delay by [Plaintiff] in prosecuting the case and moving for dismissal; and substantial expense which had been incurred by the defendants in defending the action" were *insufficient* reasons to deny the motion to dismiss. Id.

Palm has suffered no legal prejudice, and will not be prejudiced by a dismissal of the case without prejudice. Palm's *only argument* for "legal prejudice" is that allowing the motion to dismiss will deprive it of a potentially favorable ruling on Helio's preliminary injunction motion. This rationale, even if it were tenable (which it is not), is simply not "plain legal prejudice." First, dismissal before the Court's ruling effectively denies Helio any injunction against Palm because the motion becomes moot. Second, Palm's own authority cuts against its argument. In Westlands, the Ninth Circuit determined that the Plaintiff did not delay in seeking voluntary dismissal even though it waited *three months after the District Court denied its motion for preliminary injunction.* Id. Helio did not file its motion to dismiss to avoid a ruling on its motion for preliminary injunction. Rather, Helio moved to dismiss the case because it achieved its litigation objective of stopping Palm's infringing "Not Just a Cell Phone" campaign. Accordingly, there is no further need to continue the litigation.[1]

Moreover, in a case decided just three months ago by this Court, the Court granted plaintiff's Rule 41(a) motion to dismiss without prejudice <u>even</u> where Defendant asserted "forum shopping" and had filed a motion to for summary judgment. Woodfin Suite Hotels,

---

[1] Moreover, the remaining cases cited by Palm are distinguishable because they involve fact situations where Defendants have filed a *dispositive* motion or otherwise would be suffer *substantial legal prejudice*. Rosen v. Trans Union Corp., No. C99-00632, 1999 WL 1080639 (N.D. Cal. Nov. 9, 1999) (granting Rule 41(a) motion to dismiss without prejudice on condition that plaintiff pay fees where plaintiff had "no factual basis whatsoever" for his claims); Piedmont Resolution, LLC v. Johnston, Rivlin & Foley, 178 F.R.D. 328 (D.D.C. 1998) granting Rule 41(a) motion to dismiss without prejudice, but requiring payment of fees where defendant had filed summary judgment motion); Lepesh v. Barr, 2001 US Dist. Lexis 10344 (D. Or. March 26, 2001) (granting motion to dismiss without prejudice and allowing only those costs for work which cannot be used in any future litigation in part because Plaintiff failed to file amended complaint and Defendant had filed motion to dismiss); In re Sizzler Rest. Int'l Inc., 262 BR 811 (denying motion to dismiss where summary judgment had been filed and non-movant would be barred from brining subsequent action against movant if claim was dismissed without prejudice); Tibbets v. Syntex Corp., 1991 US Dist. LEXIS 13628 (N.D. Cal. 1991)(denying motion to dismiss where filed after motion summary judgment was considered by court and where court granted summary judgment at the same time as denying motion to dismiss); Froschl v. UPS, 1998 US Dist. LEXIS 4240 (N.D. Cal. 1998) (denying motion to dismiss where defendant had filed Fed. R. Civ. P. 12(b)(6) motion, and Court simultaneously granted 12(b)(6) motion).

LLC v. City of Emeryville, 2007 US Dist. LEXIS 4467 (N.D. Cal. Jan. 9, 2007) (J. Armstrong). This court ultimately awarded limited costs to opposing counsel only because Plaintiff had refused to agree to a voluntary dismissal **_after the Court issued its order on a motion for preliminary Injunction._** Id. at *15. Here, Helio (not Palm) sought a voluntary dismissal in advance of Palm filing its opposition to the Preliminary Injunction, and in any event, **_before_** the Court issued a ruling on Helio's motion for preliminary injunction. Palm could have avoided additional expense by stipulating to a voluntary dismissal. Moreover, no dispositive motion is pending in this case. In light of these facts, and the Court's previous ruling, this case should be dismissed without prejudice and without a deferred award of costs as Palm demands. See Metropolitan Life Ins. Co. v. Baythavong, C-00-4697, 2002 U.S. Dist. LEXIS 7736, *2-3 (N.D. Cal. April 29, 2002) (J. Walker) (declining not to impose costs as a condition of dismissal because plaintiff sought dismissal "at an early stage of the litigation", the parties conducted little discovery, and there was no evidence of bad faith); Capon v. Ladenburg, Thalman Co., Inc., 92 Fed. Appx. 400, *3 (9th Cir. 2004) (affirming dismissal without prejudice despite Defendants' pending motion to compel arbitration).

  2. Palm's demanded conditions are inappropriate and not necessary considering Palm's refusal to consent to dismissal prior to filing its opposition to the Preliminary Injunction Motion

Palm also argues that the Court should condition dismissal on (1) Helio paying Palm "in the event that Helio attempts to challenge the conclusions of Palm's surveys from this case in future litigation" and (2) that any discovery already exchanged can be utilized in any subsequent lawsuit. Opp. at 8:4-6, 9:23-27.

The imposition of costs and fees are not mandatory. Stevedoring Servs. Of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989) ("no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal."). Again, many cases cited by Palm actually **_support a denial of an award of costs and/or fees_**. Id. at 922 (affirming dismissal without prejudice and District Court's decision not to assert fees); OptiStreams, Inc. v. Gahan, CVF-05-0117REC, 2006 WL

829113, *6 (E.D. Cal. Mar. 28, 2006) (granting unconditional motion to dismiss without prejudice and denying payment of fees and costs because plaintiff had a realistic chance of prevailing where it had submitted some evidence to support two of its claims); Cerciello v. Blackburn Truck Lines Holding Co., 917 F.2d 27, 1990 WL 161724 (9th Cir. Oct. 23, 1990) (affirming District Court's granting of motion to dismiss without prejudice and refusal to award costs because Plaintiff raised "legitimate [legal] questions."); Gonzalez v. Tyrrell, 2006 US Dist. LEXIS 40117 (W.D. Wash. June 16, 2006) (granting motion to dismiss without prejudice and refusing to award costs even though Defendants' had incurred over $100,000 in defense costs).

Further, the party against whom voluntary dismissal is sought is not entitled to attorney's fees and costs if plaintiff had "a realistic chance of prevailing." Stevedoring Servs. 889 F.2d at 922. "A 'realistic chance' can be established by something less than a preponderance of the evidence and less even than a showing that success is more likely than not." OptiStreams, Inc. v. Gahan, CVF-05-0117REC, 2006 WL 829113, *6 (E.D. Cal. Mar. 28, 2006). In light of the Court's previous ruling that whether to enjoin Palm was "close", and the additional evidence of Palm's admission to similarity of the slogans, Helio has certainly met this minimum threshold and more.

Moreover, it would be an anomaly to require Helio to pay Palm's costs and fees upon granting voluntary dismissal where Palm could not recover such fees and costs had it prevailed at trial, much less on its opposition to the preliminary injunction motion. See 9 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2366, n. 15. Because Helio's dismissal renders the preliminary injunction motion moot, Palm will not be enjoined by the Court and thus Palm has not lost suffered any legal prejudice. Moreover, Helio's motion for preliminary injunction is not dispositive on the merits, so regardless of the Court's ruling on the preliminary injunction, the merits of the case will not be decided.

Further, because Rule 41(a)(2) is designed to encourage dismissals, conditioning re-filing on payment of Palm's costs, would go against that well established policy.

9

HELIO'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS WITHOUT PREJUDICE
Case No. C 06-7754 SBA

Finally, Palm's second demanded condition is unnecessary. Should Palm change its mind and start using the "Not Just a Cell Phone" slogan again, and Helio is forced to re-file this case, then Palm may request in discovery all the documents it received in this litigation.

The only reason Helio would re-file this case is if Palm decides to start using the infringing "Not Just a Cell Phone" slogan again. Unless Palm is deceiving the Court and Helio, then Palm should not be concerned if this case is dismissed without prejudice. If Palm's representations are false, however, Helio must reserve the right to pursue its infringement claims for a resolution on the merits.

## IV.  CONCLUSION

Helio has confirmed that Palm is discontinuing use of its infringing "Not Just a Cell Phone" advertising campaign. Helio has achieved its litigation objectives of stopping Palm's infringing advertising campaign. Consequently, Helio respectfully requests this Court to dismiss this case without prejudice and without any conditions.

Dated: April 5, 2007

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP

By: _____
Deborah Bailey-Wells
Kevin C. Trock
Harold H. Davis, Jr.

**ATTORNEYS FOR PLAINTIFF HELIO LLC**