**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

HELIO, LLC,

        Plaintiff,

 v.

PALM, INC.,

        Defendant.

No. C 06-7754 SBA

**ORDER**

[Docket Nos. 34, 78]

Before the Court is plaintiff Helio, LLC's motion to dismiss this action without prejudice [Docket No. 78] and defendant Palm, Inc.'s request for terms and conditions if dismissal is granted without prejudice, or, in the alternative, request for dismissal with prejudice [Docket No. 85]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the Court GRANTS the motion to dismiss, but with terms and conditions. The Court also DENIES Helio's motion for a preliminary injunction [Docket No. 34] as moot.

## BACKGROUND

On December 19, 2006, Helio filed a complaint against Palm asserting trademark infringement. Concurrently with the complaint, Helio filed an application for a temporary restraining order. This application was denied after a hearing on December 21, 2006. Helio currently has a pending motion for a preliminary injunction. *See* Docket No. 34.

Helio asserts that Palm's advertising campaign using the slogan "Not Just a Cell Phone. A Treo." infringes its own advertisements utilizing the phrases "Don't call it a phone" and "Don't call us a phone company." Palm used this phrase in outdoor advertising, in print media, and on Internet websites. Palm's advertising campaign using the slogan has been winding down in recent months and is, or soon will be, finished. Helio contends that it has therefore achieved the objective of its litigation, and now seeks to dismiss this action without prejudice to its being allowed to refile this suit should Palm

again use the slogan in the future.

Palm agrees this suit should be dismissed, but it objects to dismissing it without terms and conditions. First, it requests that the Court first rule on the motion for preliminary injunction. In addition, Palm requests

> the Court enter an order prohibiting Helio from challenging the conclusions of Palm's surveys in any future litigation, or, in the event Helio wishes to make such a challenge, the payment of Palm's fees and costs incurred in opposing plaintiff's motions for a TRO and preliminary injunction, and the fees associated with these surveys. Such fees would be paid retroactively if and when Helio mounted such a challenge. Palm further requests an order providing that any discovery that has been exchanged in this action can be used in any subsequent action between the parties.

Docket No. 85, at 12.

## LEGAL STANDARDS

After an answer has been filed, as is the case here, an "action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). A court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some "plain legal prejudice" as a result. *See Smith v. Lenches*, 263 F.3d 972, 975 (2001); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal"); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982).

Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). For instance, prejudice may be the loss of a federal forum, the right to a jury trial, or a statute-of-limitations defense. *See id.* Legal prejudice is not constituted by the expense incurred in defending a lawsuit, in potentially having to defend in a second litigation or in another forum, or merely because the plaintiff would gain a tactical advantage by the dismissal. *See Smith*, 263 F.3d at 976; *Westlands*, 100 F.3d at 97.

**ANALYSIS**

**1.   Ruling on the Pending Motion for Preliminary Injunction**

Before granting the dismissal of this action, Palm requests the Court first make factual findings on the merits of the pending preliminary injunction motion, and enter findings that there is no consumer confusion on the parties' respective slogans; that there is no secondary meaning with respect to Helio's slogan; and that Helio has no likelihood of success on the merits. Palm contends that the strength of the evidence that it has put forward in opposition to the preliminary injunction is in fact the reason for Helio's requested dismissal. As both parties agree this case should be dismissed, the preliminary injunction is now moot.

The case Palm relies on for nevertheless seeking a ruling on the preliminary injunction is *Terrovona v. Kincheloe*, 852 F.2d 424, 429-30 (9th Cir. 1988). In that case, the Ninth Circuit found that the district court did not abuse its discretion in denying a habeas petitioner's motion to dismiss his petition three months after a summary judgment motion had been filed and after a magistrate judge issued a report and recommendation on the summary judgment motion. *Id*.

There is other authority supporting the proposition that a voluntary dismissal may not be appropriate where the sole reason for the plaintiff's request for dismissal is apprehension regarding a possible adverse ruling on a pending post-trial or dispositive motion. *See, e.g., Williams v. Ford Motor Credit Co.*, 627 F.2d 158, 160 (8th Cir. 1980) (dismissal without prejudice was not appropriate after a trial and where the only apparent reason for the party's seeking dismissal was to avoid an adverse ruling on a motion for judgment notwithstanding the verdict); *Pace v. Southern Express Co.*, 409 F.2d 331, 344 (7th Cir. 1969) (weighing fact that summary judgment motion had been filed in denying dismissal without prejudice).

A ruling on a preliminary injunction, is not of course, a ruling on a dispositive motion. It is a preliminary assessment of the likelihood of success where there is a danger of an irreparable injury. It is not binding in future litigation and a ruling would not offer issue or claim preclusion on points ruled upon in the preliminary injunction. Thus, a ruling on the preliminary injunction that is moot would be

both a waste of judicial resources and of no real value to either of the parties.

**2.      Palm's Requested Conditions for Dismissal**

     **a.      Surveys**

Palm relates that it commissioned two consumer surveys by independent marketing experts to defend against Helio's trademark infringement claim. These surveys allegedly demonstrate that Helio's slogans have no secondary meaning and that there is no evidence of a likelihood of confusion between the two entities' advertising campaigns. Palms states that it expended approximately $80,000 in this effort.

Palm requests that dismissal of this action be conditioned on either (1) prohibiting Helio from challenging the conclusions of Palm's two surveys in any future litigation, or, (2) in the event that Helio wishes to make such a challenge, the payment of Palm's fees and costs incurred in opposing Helio's motions for a temporary restraining order and preliminary injunction, and the fees associated with the surveys, to be paid retroactively if and when Helio mounts such a challenge.

          **i.      Conclusions of the Surveys**

Palm cites no authority to support essentially requiring its proffered evidence be deemed factually admitted as a condition for allowing dismissal without prejudice.

          **ii.     Payment of Costs and Fees**

It is appropriate then to consider Palm's alternative requests. First, it requests fees and costs for opposing the temporary restraining order and the preliminary injunction. It is clearly within the district court's discretion to award attorney's fees and costs as a condition of granting voluntary dismissal pursuant to Rule 41(a)(2). Doing so is commonplace and serves the purpose of protecting the defendant from undue prejudice. *See, e.g., Woodfin Suite Hotels, LLC v. City of Emeryville*, 2007 WL 81911, at *5 (N.D. Cal. 2007). Here the plaintiff seeks dismissal because Palm's advertising campaign is winding down, if not already finished. There is strong evidence that Helio has known that Palm's advertising campaign relying on the slogan "Not Just a Cell Phone. A Treo." would be terminating at about this

4

time since at least the temporary restraining order. *See, e.g.*, Docket No. 83 (Roberts Decl., Exs. A, C). Thus, much of the costs incurred by Palm could have been avoided had Helio dismissed this action when it first learned that the campaign was winding down. It is therefore equitable to require Helio to compensate for those fees and costs. On the other hand, a defendant may only be awarded the payment of costs and attorney's fees for work which cannot be used in any future litigation of these claims. *See Westlands*, 100 F.3d at 97; *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993). It is likely that at least some of the work performed by Palm would be useful in a future action on between the parties on this claim. Thus, conditioning the dismissal of this case on the payment of costs and fees, to be paid if Helio reinstitutes this case, is appropriate, but such costs and fees must be limited to those associated with work that cannot be used in any future litigation.

**b.     Discovery**

Palm also requests that the dismissal be conditioned on any discovery exchanged in this lawsuit being allowed for use in any subsequent action between the parties. Such a request will help relieve Palm of potentially duplicative expenses in the event of subsequent litigation. *See Gonzalez ex rel. A.R.Z. v. Tyrell*, 2006 WL 1706167, at *5 (W.D. Wash. 2006). Under the authority granted by Rule 41(a)(2) to dismiss only "upon such terms and conditions as the court deems proper," the Court grants this condition to the extent that the future litigation encompasses the same matters presented in this case and such future action comes before this Court.

## CONCLUSION

Accordingly, the Court DENIES the motion for preliminary injunction [Docket No. 34] as moot. It is further ORDERED that Helio's motion to dismiss this action [Docket No. 78] is granted, but with conditions. These conditions include the following: (1) if Helio should decide to refile this lawsuit in the future, Helio shall, as a condition of filing, bear any of Palm's costs from this suit which Palm is able to demonstrate cannot be used in the future litigation of these claims, and (2) any discovery exchanged in this lawsuit is allowed in a subsequent action related to this trademark infringement claim between

5

the parties that comes before this Court.

    IT IS SO ORDERED.

April 6, 2007

Saundra Brown Armstrong
United States District Judge